## WILEY TUCKER v. THE STATE.

1. Indictment charged that the defendant, "having a living, lawful wife, from whom he had never been divorced, did cohabit and live in adultery with one Lucy S." *Held*, that the indictment is wanting in one of the essential averments of an indictment for adultery, in that it does not aver that Lucy S. was not the wife of the defendant.

2. A leading feature of our criminal law is, that no man shall be convicted of an offense until he shall have been plainly and intelligibly charged with it, in all its extent.

3. To support a conviction for adultery, it must be charged and proved that one of the parties is married to some other person than the *particeps criminis*.

APPEAL from Chambers. Tried below before the Hon. William Chambers.

The appellant was found guilty in the court below, and fined one hundred dollars.

The parties were negroes.

No brief for the appellant.

*W. Alexander, Attorney General,* for the State.

EVANS, P. J.—The indictment charges that the appellant, having "a living, lawful wife, from whom he had never been divorced, did cohabit and live in adultery with one Lucy Sanders."

This indictment lacks one of the essential averments of an indictment for adultery, in this, that it does not aver that Lucy Sanders is not the wife of the appellant.

A leading feature of our law is, that no man shall be convicted of an offense until he shall have been plainly and intelligibly charged with it, "in its entire extent." (2 Bishop C. P., § 527; Paschal's Dig., Art. 2863.)

To support a conviction for adultery, it must be

8—XXXV

charged and proved that one of the parties is married to some person other than the *particeps criminis.* (Paschal's Dig., Art. 2023 ; 2 Bishop C. P., § 11.)

The exception to the indictment should have been sustained; the judgment, therefore, is reversed and the cause dismissed.

REVERSED AND DISMISSED.