## COMMONWEALTH *vs.* PRINCE W. KENNEY.

Barnstable.　June 19, 1876.　COLT & DEVENS, JJ., absent.

On the trial of an indictment for polygamy, it appeared that the defendant, being a
Protestant, had been married in Ireland to a Roman Catholic, by a Roman Cath-
olic priest, that he had cohabited with the woman there as his wife, and that he
had afterwards, while his wife was living, been married to another woman in this
Commonwealth. *Held,* that the law of Ireland must be proved as a matter of
fact; and that, in the absence of evidence what that law was, the marriage there
must be considered as legal.

INDICTMENT for polygamy. Trial in the Superior Court, be
fore *Brigham,* C. J., who allowed a bill of exceptions in sub-
stance as follows :

The evidence for the government, which was not controverted,
tended to show that on September 30, 1834, the defendant was
married to Catharine Manning, in Queenstown, Ireland, by the
Rev. P. Sulivan, a Roman Catholic priest ; that at the time
of the alleged marriage the defendant was a Protestant and
Catharine a Roman Catholic ; that the alleged marriage was
duly recorded in the Catholic marriage register of the parish of
Queenstown, Ireland ; that the defendant and Catharine lived
together as husband and wife in Queenstown for about three
years, and from thence removed to Barringtown in Ireland,
where three children were born to them, and from thence to
Yarmouth, Nova Scotia, and ultimately to St. John, New Bruns-
wick, where they continued to live together as husband and wife
(having in all ten children born to them) until the year 1859 ;
that during the year 1859 the defendant left Catharine and came
to Harwich in this Commonwealth, and on November 13, 1861,
was married to one Betsey Cook, of Yarmouth in this Common ·
wealth, at said Yarmouth, and lived and cohabited with Betsey
Cook in Harwich until some time in October, 1874, when Cath-
arine, having in the mean time discovered the whereabouts of
the defendant, came to Harwich for the defendant, and they
together returned to St. John, stopping and cohabiting as man
and wife in Boston in this Commonwealth for about the space
of one week ; that the defendant and Catharine lived together
as man and wife in St. John until some time in August, 1875,
when the defendant again left Catharine and returned to Har-

wich, and there cohabited with Betsey until the time of finding this indictment.

There was evidence that the defendant had stated that the said Catharine was his wife, and letters from the defendant to Catharine, addressing her as his wife, were offered in evidence. It was also proved that no other marriage ceremony ever took place between the defendant and said Catharine except the aforesaid marriage ceremony by the said Sulivan, and that the defendant and Catharine had never cohabited in this Commonwealth, except during the space of about a week in Boston in October, 1874.

Upon this evidence, the defendant contended that the jury would not be warranted in finding a verdict of guilty; but the judge declined so to rule, and instructed the jury that upon the foregoing facts they would be authorized to find a verdict of guilty. The jury returned a verdict of guilty; and the defendant alleged exceptions.

*H. P. Harriman,* for the defendant, contended that by the law of Ireland, the defendant being a Protestant, and the woman a Roman Catholic, the marriage there was illegal.

*C. R. Train,* Attorney General, for the Commonwealth, was not called upon.

BY THE COURT. The law of Ireland, being a foreign law, is matter of fact, of which our courts have no judicial knowledge without proof; and no proof of it was introduced at the trial. A marriage solemnized by a priest, and under which the parties have cohabited as husband and wife, is *primâ facie* a valid marriage everywhere.                    *Exceptions overruled.*