State vs. Sopher.

No. 1208.

THE STATE OF LOUISIANA vs. CHARLES SOPHER.

Where three hundred names of jurors have been put in the box from which the jury has been drawn for the first weeks of the term, it is not necessary to revise the list and put in more names to draw a jury for a later week of the same term.

The list of jurors served on the prisoner need not be a copy of the *proces verbal* of the drawing. It is only needful that the list be complete and correct.

The omission of the word "foreman" from the signature on the back of an indictment is not fatal. It is sufficient that the foreman has signed his name to the finding of the jury, "a true bill," without mentioning his capacity.

The objection that a juror is an unnaturalized foreigner must be made as a challenge, when he is presented, and cannot be urged in arrest of judgment.

APPEAL from the Twenty-first District Court, Parish of St. Martin. *Fontelieu, J.*

*C. H. Mouton* and *F. F. Perrodin*, District Attorneys, for the State, Appellee.

*Merchant & Fontelieu* for Defendant and Appellant.

The opinion of the Court was delivered by

MANNING, J. The defendant was convicted of murder by a qualified verdict, and was sentenced to hard labor for life.

1. He challeged the array because there were not three hundred names in the jury box when the commissioners proceeded to draw the jury. The court had lasted four weeks. There were three hundred names in the box when the jury was drawn for the court, 110 having been drawn, and the drawing seems to have been sufficient for three weeks. The defendant's trial came on in the fourth week, and another drawing was made from the 190 names that remained.

That was done as it should have been. Drawings of juries are made for different and successive weeks to spare jurors a protracted attendance. The requisite number of names was in the box. The Act expressly requires that the juries for each week shall be drawn from the three hundred. Acts 1877, pp. 56-7.

2. Another objection was that the list furnished the prisoner was not a copy of the *proces verbal* of the drawing. It is not disputed the list was correct, and that was what he needed.

3. A motion in arrest was made for that the indictment was not properly indorsed, the foreman of the grand jury not having mentioned his capacity by adding the word " foreman " to his signature.

It is not vital that this should be done. The person whose name is indorsed on the bill after the words " a true bill" was the foreman, and it is sufficient that he had signed his name to the finding of the grand jury without mentioning his capacity. State vs. Brown, 31 Vermont, 602 ; 1 Bishop Crim. Proc. § 698.

4. Another ground in arrest is that one Guillot who served as a talisman is an unnaturalized foreigner.

The objection was made too late. An accused party cannot waive his objection to the competency of a juror, which he does by failing to make it when the juror is presented to him, take the chances of a verdict, and then avail himself of the incompetency of the juror in a motion in arrest. It was good cause for challenge. The defendant should have used it then if he desired to use it at all. State vs. Nolan, 13 Ann. 276 ; State vs. Bower, 26 Ann. 383.

5. A motion for a new trial then followed on the same grounds urged in arrest of judgment, and this additional : that the verdict of the jury was in part caused by the prevailing public sentiment in the community that crime was on the increase, and that in order to check it, it was necessary to convict the prisoner.

No more laudable purpose could animate jurors than the checking of crime. They are empanelled to find the fact of its commission, and having thus found in this case, the defendant must suffer the penalty.

Judgment affirmed.