## JOHNSON *v.* STATE.

### Opinion delivered March 9, 1895.

1. *Bigamy—Indictment.*

    An indictment for bigamy, which, after the usual averments as to time and place, alleges that defendant "feloniously did marry M. K., he having at that time a living wife from whom he had not been divorced," is sufficient, though it fails to allege the name of such living wife.,

2. *Bigamy—Evidence.*

    Where the record of marriage of a man of defendant's name to a certain woman is introduced in evidence, it is admissible to prove that defendant subsequently cohabited with the woman named, in order to identify him as the man mentioned in the record.

3. *Marriage in Indian Territory—Legality.*

    A conviction of bigamy is not sustained by proof that in 1887 defendant married his first cousin in the Indian Territory and in 1892 married another woman in this State while his first wife was living and undivorced, there being no proof that the first marriage was legal.

Appeal from Sebastion Circuit Court, Fort Smith District.

EDGAR E. BRYANT, Judge.

STATEMENT BY THE COURT.

The appellant was indicted, at the October term, 1893, of the Sebastian circuit court, Fort Smith district, for the crime of bigamy, and convicted, and sentenced for the term of three years in the penitentiary; and appeals to this court.

The evidence showed that about the year 1887, defendant, a white person, and resident of the Indian Territory, intermarried with his first cousin, one Paralee Sivils, then a resident of the State of Arkansas, but on a visit to relatives in the Indian Territory. The evidence further showed that the 28th October, 1892, a W.

W. Johnson and Miss Maude Kimbrough were lawfully married in Sebastian county, Arkansas, by P. G. Satterfield, one of the justices of the peace therein. There was evidence tending to show that the Maude Kimbrough, the party to this latter marriage, was the identical person named in the indictment, and that the W. W. Johnson, the other party to this marriage was the defendant in this prosecution. There was evidence offered by the defendant, but, over his objections, excluded by the court, tending to show that, although the maiden name of the woman, party to the last marriage, was Maude Kimbrough, yet she had in the year 1889 intermarried with one Price, and that she went by that name until about the time of her marriage with defendant, as stated.

The indictment reads as follows, to-wit: "The grand jury of Sebastian county, in and for the Fort Smith district thereof, in the name and by the authority of the State of Arkansas, accuses W. W. Johnson of the crime of bigamy, committed as follows, to-wit: The said W. W. Johnson, on the 10th day of July, 1892, in the county and district aforesaid, feloniously did marry M. Kimbrough, he having at that time a living wife, from whom he had not been divorced." To this indictment defendant entered his demurrer, and the same was overruled, and exceptions reserved. Other facts will be stated in the opinion.

*Edwin Hiner* for appellant.

1. The indictment fails to set out the name of the first wife. The first marriage is the *corpus delicti*, and should be set out fully. 34 Ark. 511; 32 *id.* 205; *Ib.* 565; 37 *id.* 403. It should also have set out the place of the first marriage. Wharton, Cr. Law, sec. 1714; 2 Moody, C. C. 186; 26 Vt. 765; 13 Bush, 318; 15 N. Y.

Sup. Ct. 302. It also fails to allege that the second marriage was "unlawful." Whart. Cr. Law, sec. 1711; 18 Vt. 570.

2. It was error to allow the bond, record of marriage license and certificate to be read to the jury without some evidence *aliunde* as to the identity of the parties. 14 Am. & Eng. Enc. Law, p. 524.

3. Without proof of an actual marriage of appellant and Maude Kimbrough by the record, with proof of identity, it was error to allow testimony of reputation and cohabitation as husband and wife. 2 Gr. Ev. secs. 204-5.

4. Ordinarily, a foreign marriage, valid by the law of the place where solemnized, is regarded in a prosecution for bigamy as valid by the *lex delicti commissi*. But there are exceptions, one being where the parties to first marriage were by the law of the place of prosecution incapable of marrying. In such case, the first marriage will be held void, and the second ruled not bigamous. 2 Whart. Cr. Law. 2 Whart. Cr. L. 1683. In this case, the parties were first cousins, and, by the law of the *lex delicti commissi*, the marriage was void. Mansf. Dig. sec. 4592.

5. The validity of the first marriage must be proved. Whart. Cr. L. sec. 171.

6. A variance in setting out the second wife's name is fatal. *Ib.* sec. 1712, 95; 11 S. W. 210.

*E. B. Kinsworthy*, Attorney General, for appellee.

1. The indictment is good. 13 Tex. App. 76; 2 Whart. Prec. Ind., etc., sec. 985, note c. The time of the first marriage need not be alleged. 13 Tex. App. 76; 28 Ind. 34; 2 Whart. Cr. L. sec. 1714.

2. The record of the marriage is the best evidence. The parties were sufficiently identified.

3. Deliberate admissions, reputation and cohabitation are all circumstances to go to the jury as tending to prove marriage. 34 Ark. 511.

4. Marriage is governed by the *lex loci contractus*. Bish. Mar. Div. & Sep. 839, 848; Stewart, Mar. & Div. sec. 108.

5. The fourth instruction, given by the court in lieu of the eighth asked by appellant, states the law correctly. 11 S. W. 210.

BUNN, C. J., (after stating the facts.) The indictment is not very artistically drawn, but we will treat it as sufficient to put the defendant on notice of the charge upon which he was to be tried, and therefore hold it sufficient.

<div style="float:right">1. Sufficiency of indictment for bigamy.</div>

The objection of the defendant to the introduction in evidence of the record of the marriage of Maude Kimbrough to W. W. Johnson, and to the evidence of the cohabitation of defendant with her as her husband from about that time on, was properly overruled by the court; for, without deciding that cohabitation is sufficient to establish the fact of the marriage, it is admissible to identify the defendant with the person named in the marriage record. The testimony offered by defendant as to Maude Kimbrough's former marriage to Price should have been admitted.

<div style="float:right">2. Competency of evidence.</div>

The main question in the case is as to the legality of the first marriage of defendant to his cousin, Paralee Sivils, in the Indian Territory. Such a marriage between first cousins would be absolutely void in this State, and would have been at any time since the passage of the act of March 5, 1875, inhibiting the marriage of first cousins; and so any marriage between first cousins in the Indian Territory since May 2, 1890, as on that day a law of congress extended the Arkansas laws on the subject of marriage over the Indian Territory.

<div style="float:right">3. Validity of marriage in Indian country.</div>

But what was the law in the Indian Territory on the subject previously to that time does not appear in evidence. The circuit court evidently tried the case on the presumption that the common law prevailed in that country prior to the act of congress referred to above. It should not have indulged such a presumption, for none such arises in respect to the laws of the Indian Nation. *Garner* v. *Wright*, 52 Ark. 385, and authorities cited.

In the absence of proof of the laws and customs of the Indian Nation at the time of the marriage of defendant and Paralee Sivils, and such as were applicable to them, the defendant should not have been convicted. The judgment is therefore reversed, and remanded for further proceedings.