ALBERT CATHRON, PLAINTIFF IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

1.  Under the first clause of section 2603, Revised Statutes, prescribing a penalty against one who, having a former husband or wife living, marries another person in this State, the second marriage constitutes the gist of the offense and must be laid in the indictment with particulars of time and place; but the first marriage being matter of inducement may be averred without particulars of time and place.

2.  Under the second clause of Section 2603, Revised Statutes, prescribing a penalty against one who, having a former husband or wife in this State, the continued cohabitation constitutes the gist of the offense, and must be laid in the indictment with particulars of time and place, but the two marriages being matters of inducement, need not be averred with particulars of time and place, and are sufficiently charged if alleged

to have been contracted with certain named persons, prior to the time of the alleged continued cohabitation.

Writ of Error to the Circuit Court for Volusia County.

The facts in the case are stated in the opinion of the Court.

*A. M. Michelson & B. Rabbino* for Plaintiff in Error.

*The Attorney General* for Defendant in Error.

CARTER, J. :

At a term of the Criminal Court of Record of Volusia county held April, 1898, the plaintiff in error was convicted upon an information exhibited against him on the 13th day of August, 1895, by the prosecuting officer of that court, charging "that Albert Cathron, on the first day of January in the year of our Lord one thousand, eight hundred and ninety-four, in the county and State aforesaid, with force and arms, did unlawfully continue to cohabit with and have for his wife one Vinzula Smith, from the first day of January, 1894, to the 13th day of August, 1895, the said Albert Cathron having married the said Vinzula Smith, and at the time of the said marriage of the said Albert Cathron to the said Vinzula Smith the said Albert Cathron then and there had and still has a former wife living, namely Julia Cathron, against the form of the statute," &c., and from the sentence imposed sued out this writ of error.

Before arraignment the defendant moved to quash the information, stating as grounds therefor that the information was vague, uncertain and impossible in its allegation as to time of the alleged cohabitation and

the offense charged; that it did not allege the times and places of defendant's first and second marriages; nor sufficiently charge either of the offenses under section 2603 of the Revised Statutes; nor sufficiently charge any offense under the laws of Florida. The court denied the motion, and this ruling constitutes the only error assigned.

The defendant contends in this court that the information should have alleged the times and places of the two marriages, and further, that it was defective because it alleged an impossible date for his cohabitation with Vinzula Smith. The offense sought to be charged is thus defined by section 2603 Revised Statutes: "Whoever having a former husband or wife living, marries another person, or continues to cohabit with such second husband or wife in this State shall (except in the cases mentioned in the following section) be punished," &c. The penalty of this statute may be incurred by one, who having a former husband or wife living, marries another person in this State, or who having a former husband or wife living continues to cohabit with a second husband or wife in this State. In the first case while two marriages must be alleged and proved, the first marriage is mere matter of inducement requiring neither allegation nor proof that it was entered into at any particular time or place. The second marriage, however, constitutes the gist of the offense and must be laid with particulars of time and place in the order to show that the offense is not barred by limitations and that it was committed within the jurisdiction of the court. The information in this case failing to lay the second marriage with particulars of time and place was fatally defective as a charge under the first clause of this statute. Bishop's Statutory Crimes, §§ 586, 603. In the other case, while two marriages must be alleged and proved, they are both matters of inducement, the gist of the offense being the *continued cohabita-*

*tion* with the second husband or wife in this State, which cohabitation must be laid with particulars of time and place in order to show that the offense is not barred by limitations, and that it was committed within the jurisdiction of the court. In such cases the precise times and places of the two marriages are not material, and do not enter into the question of defendant's guilt, it being sufficient to show that as a matter of fact, two marriages had taken place at some time prior to the continued cohabitation with the second husband or wife in this State, and that at the time of such cohabitation the first husband or wife was living. The pleader should not be required to allege particulars of description which are not material, because when alleged they must be proved, and while enough should be charged to apprise the defendant of the nature of the crime and to enable him to prepare his defense, we think the two marriages constituting matters of inducement are sufficiently laid, when the names of the persons with whom defendant is alleged to have contracted them are given and they are both shown to have been contracted prior to the cohabitation, Bishop's Statutory Crimes, § 602; 2 Wharton's Criminal Law, § 1714. In all of the forms we have met with under either clause of statute like ours, the times and places of both marriages have been given, but we have found no case which adjudicates that either marriage must be laid with particulars of time and place in an indictment under the second clause. In Vermont and Kentucky (State v. LaBore, 26 Vt. 765; Davis v. Commonwealth, 13 Bush, 318) it has been adjudged necessary to lay the first marriage with particulars of time and place in indictments under the first clause, but for reasons stated we think upon principle this particularity is not required. Bishop's Statutory Crimes, §602; 2 Wharton's Crim. Law. §1714; State v. Bray, 13 N. C.

289; Hutchins v. State, 28 Ind. 34; State v. Hughes, 35 Kan. 626, 12 Pac. Rep. 28.

The defendant insists that the allegation "that Albert Cathron, on the 1st day of January, 1894, * * * did unlawfully continue to cohabit with and have for his wife one Vinzula Smith from the 1st day of January, 1894, to the 13th day of August, 1895," means that on January 1, 1894, defendant had then cohabitated with Vinzula Smith from January 1, 1894, to August 13, 1895, which was impossible, and that therefore the information ought to have been quashed because alleging a period of cohabitation impossible upon its face. While the allegation is inartificially worded, it can not reasonably bear the construction contended for. It may be construed to mean that on January 1st, 1894, defendant continued a cohabitation with Vinzula Smith which lasted from that time until August 13, 1895, or that he continued to cohabit with her on and from January 1st, 1894, to August 13, 1895, either of which would support the information, and does no violence to the language used, as would the construction proposed by defendant.

We think the information is sufficient, as against the objections suggested by defendant's brief in this court, to charge an offense under the second clause of the statute referred to, and the judgement of the court below is, therefore, affirmed.