T. B. FERRELL, PLAINTIFF IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

1. An indictment for bigamy under section 2603 Revised Statutes, which alleges that at the time of the second marriage the defendant had a lawful living wife by a former marriage therein alleged, is not open to the objection that it fails to allege that the former ·marriage was a valid marriage or that the second marriage was unlawful, nor is an indictment under that statute bad because of its failure to allege the time and place of the first marriage, nor because it fails to negative the exceptions mentioned in section 2604 Rev. Stats.

2. The court has power to authorize a grand jury to select one of its members as foreman of the body in case the foreman selected at its organization be sick, absent or otherwise unable to act, and the endorsement of true bills by the foreman so selected will be valid, even though he endorses them as "foreman," and not as "acting foreman."

3. Where it appears from the minutes of the court that the grand jury under authority of the court selected one of

its members as foreman to act during the absence of the regular foreman who was sick, a bill duly presented by the grand jury, and endorsed by the foreman so selected, will, in the absence of evidence to the contrary, be presumed to have been found, endorsed and presented to the court during the absence of such regular foreman.

4. The refusal of the trial court to permit counsel for defendant in a criminal case to interrogate the jurors after they were sworn in chief as to whether they were upon the grand jury that found the indictment can not be disturbed by an appellate court where no excuse for the failure to put the questions on the voir dire examination was shown, except that the matter was "overlooked," and where it was not suggested to the court that there was any reason to believe that any juror was a member of such grand jury.

5. An original marriage license from the office of a county judge, as well as the original record thereof, are admissible in evidence as against the objection that the originals can not be properly admitted, but only duly certified copies thereof.

6. Objections to testimony not raised in the trial court will not be considered by an appellate court.

7. After the evidence in a criminal case has been closed on both sides it is within the discretion of the court to permit the State to introduce additional evidence in furtherance of justice.

8. In a prosecution for bigamy the sworn testimony of the defendant in a suit for divorce brought by him against his wife by the former marriage, offered on behalf of the State, is not rendered inadmissible by the fact that such testimony was not given in answer to interrogatories, but was put in narrative form by defendant's counsel in that suit, and the defendant swore to such written narrative before the master after its being read over to him.

9. In prosecutions for bigamy proof of the former marriage, in fact and that it was followed by cohabitation and the birth of children, will, in the absence of any testimony

tending to show some legal impediment to the former marriage, raise a presumption that no impediment existed; and proof of the nature stated will justify the jury in finding that the former marriage was valid, in the absence of evidence tending to show some legal impediment thereto.

10. Evidence examined and found sufficient to support the verdict.

This case was decided by Division B.

Writ of Error to the Circuit Court for Santa Rosa county.

The facts in the case are stated in the opinion of the court.

*A. G. Campbell*, for Plaintiff in Error.

*William B. Lamar*, Attorney-General, for the State.

CARTER, P. J.

In October, 1902, plaintiff in error was convicted in the Circuit Court of Santa Rosa county of the crime of bigamy, and from the sentence imposed upon him sued out the present writ of error.

The first error assigned is based upon the ruling denying defendant's motion to quash the indictment. We will dispose of the several objections argued in this assignment in the order named in the brief. It is contended that the indictment fails to allege that the first marriage was valid, or that the first wife was living at the time of the second marriage. We see no basis for

Ferrell v. The State of Florida—Opinion of Court.

this contention inasmuch as the indictment distinctly alleges that at the time of the second marriage the defendant had a lawful living wife by the marriage theretofore contracted. The wife of the former marriage could not be a lawful wife if the marriage was not valid. Bishop's Stat. Crimes, Sec. 602a; Kopke v. People, 43 Mich. 41, 4 N. W. Rep. 551; Hills v. State, 61 Neb. 589, 85 N. W. Rep. 836. It is also insisted that the time and place of the first marriage is not alleged. In Cathron v. State, 40 Fla. 468, 24 South. Rep. 496, this question was fully considered and ruled adversely to defendant's contention. Again, it is argued that the indictment does not allege that the second marriage was unlawful. True it is not directly alleged that the second was unlawful, but it is alleged that the second was consummated while the defendant had a lawful living wife by the prior marriage alleged. This is sufficient to show that the second was unlawful. Bishop's Stat. Crimes, Sec. 603. Finally, it is insisted that the indictment is bad because it fails to negative the exceptions found in section 2604 Revised Statutes, as amended by Chap. 4963, acts of 1901. The indictment is founded upon section 2603 Revised Statutes. The two sections read as follows: "2603. PUNISHMENT.—Whoever, having a former husband or wife living, marries another person, or continues to cohabit with such second husband or wife in this State, shall (except in the cases mentioned in the following section) be punished by imprisonment in the State prison not exceeding five years, or in the county jail not exceeding one year, or by fine not exceeding five hundred dollars."

"2604. EXCEPTIONS. The provisions of the preceding section shall not extend to any person whose husband or wife has been continually remaining beyond sea, or has

voluntarily deserted the other and remained absent for the space of three years continuously, the party marrying again not knowing the other to be living within that time, nor to any person divorced from the bonds of matrimony."

The question here presented was fully considered and determined against the contention of defendant in the following well considered authorities: Commonwealth v. Jennings, 121 Mass. 47; State v. Abbey, 29 Vt. 60; Fleming v. People, 27 N. Y. 329. See, also Bishop's Stat. Crimes, Sec. 606; Baeumel v. State, 26 Fla. 71, 7 South. Rep. 371. The authorities cited express the law correctly.

The defendant filed pleas in abatement as follows: 1st. That the said indictment was found by a grand jury that had a foreman *pro tem.* during the absence of the regular foreman.

2nd. That there were two foremen of the said grand jury when the said bill was found.

3rd. That the said indictment is not endorsed as a true bill by the regular foreman of the grand jury.

4th. That the said indictment is endorsed as a true bill by one J. D. C. Newton, who was not the foreman chosen at the time the grand jury was empannelled.

5th. Because the said indictment was endorsed as a true bill by one J. D. C. Newton, foreman, when in truth and in fact he was only an acting foreman.

The State demurred to the 1st, 4th and 5th pleas. The demurrer was sustained and the ruling thereon is the basis for the second assignment of error. There was no error in this ruling. The first plea was bad because, as shown hereinafter, a grand jury can legally have a fore

man *pro tem.* in the absence of the regular foreman. Be-
sides the plea does not allege with certainty that the
case against the defendant was considered or the indict
ment found or returned into court during the absence of
the regular foreman. The fourth plea was bad because,
as will be shown in a subsequent part of this opinion,
the indictment can lawfully be endorsed by a foreman
of a grand jury duly selected, other than the one chosen
at the time the grand jury were originally empannelled.
and this plea does not deny that the foreman who en
dorsed the indictment was duly selected. The fifth plea
was bad because the fact that the foreman endorsed the
bill as foreman, when in truth he was only an acting
foreman, constitutes mere irregularity, in no manner af-
fecting any substantial right of the defendant. If the
party endorsing the bill as foreman was duly authorized
to act as such, and the plea does not deny that fact, the
failure to use the word "acting" before the word "fore-
man" following his signature to the endorsement "a true
bill" would not vitiate the indictment. White v. State,
93 Ga. 47, 19 S. E. Rep. 49; State v. Sopher, 35 La. Ann.
975; State v. Brown, 31 Vt. 602.

The State joined issue upon the second and third
pleas, and upon the trial of those issues the only evidence
introduced was the minutes of the court relating to the
organization of the grand jury that found the indictment.
From these it appears that upon the organization of the
grand jury J. W. Baggett, Sr., was duly selected as fore-
man and that the court ordered that his name be entered
of record as foreman of the grand jury for and during
the term. On a subsequent day of the term the following
minute entry appears: "This day came the grand jury
into court and reported that their foreman J. W. Bag-

gett, Sr., was sick and unable to attend their session. The court thereupon instructed the grand jury to retire and select a foreman to act during the absence of their foreman, J. W. Baggett, Sr. The grand jury then retired and after due deliberation returned into the court and reported that they had selected J. D. C. Newton as fore man. Therefore it was ordered by the court that the name of J. D. C. Newton be entered of record acting foreman during the absence of J. W. Baggett, Sr." The indictment was endorsed "a true bill. J. D. C. Newton, foreman." The jury upon this evidence found the issue in favor of the State, and the third assignment of error is based upon the ruling denying a new trial of these issues upon the ground that the verdict was contrary to the law and the evidence.

Section 2809 Revised Statutes provides that "the grand jury shall select its own foreman," and authorizes the foreman to administer oaths to witnesses and requires him to return to the court a list of all witnesses sworn before the grand jury during the term. Section 2891 Revised Statutes provides that all indictments shall be "endorsed on the back by the foreman of the grand jury when so found 'a true bill,' and when not found 'not a true bill,' and signed by him." The statutes make no provision for the selection of a foreman in case the one first selected be sick or absent or otherwise unable to act, but we hold that in such cases it is within the power of the court to authorize the grand jury to select one of its members to act as foreman (United States v. Belvin, 46 Fed. Rep. 381), and that an indictment found and presented by the grand jury and endorsed "a true bill," with the signature of the foreman so selected to such endorsement, is valid. There being no evidence to the contrary,

it must be presumed that the regular foreman was absent at the time the indictment was found, endorsed and presented in court.  State v. Collins, 6  Baxt  (Tenn.) 151.

The defendant after the verdict and judgment against him on his pleas in abatement, pleaded not guilty to the indictment and the subsequent assignments of error are based upon rulings made during the progress of the trial had upon the issues raised by that plea.

After the jury were sworn in chief the defendant requested permission to interrogate the jurors as to whether they or either of them  were on the  grand jury  that found the indictment.   No excuse for the failure to ask the desired questions upon the *voir dire* was given  except that the question had been overlooked in examining the jurors.   The court denied the request and an exception was taken, which is the basis for the fourth assignment of error.  It was not suggested to  the court that any member of the jury had in fact been a member of the grand jury, nor that there was any  reason  to  suppose that he had been.   It was the duty of the  defendant to put the desired question upon the *voir dire*, and  as  no reason was given for the failure to do so except that the question "was overlooked," and it was not even suggested that there was any reason to suppose that any member of the jury had in fact been a member of the grand jury, the trial court cannot be held in error in refusing to permit the question when tendered for the  first time after the jurors were sworn in chief.  See upon  this  subject Gavin v. State, 42 Fla. 553, 29 South. Rep. 405; Denmark v. State, 43 Fla. . . . ., 31 South. Rep. 269.

The fifth and sixth  assignments of  error are  based upon the rulings  admitting in  evidence  the  original

3 S. C.

record of the marriage license issued to defendant and Minnie Jernigan, the second wife, and in refusing the motion to strike such record from the evidence. The only objections interposed to the admission of this evidence, or grounds for striking it, insisted upon in the briefs filed in this court, are that the record of the license was not under the seal of the county judge who issued it, and that the original record could not legally be introduced in evidence, but only a duly certified copy thereof. The record of the license concludes: "'Witness my name as county judge, and the seal of the said court," &c., and it purports to have the seal attached. This disposes of the first objection, and as to the second, it is well settled that the original record of the marriage license may be introduced in evidence, when offered, even though acertified copy would upon common law principles or by statute be admissible. 1 Bishop on Marriage, Divorce and Separation, Secs. 988, 989; 1 Greenleaf on Evidence, Sec. 483.

The seventh assignment of error is based upon the ruling admitting in evidence the original marriage license issued to defendant and Minnie Jernigan. The only objection to its introduction tendered in the court below was that the original could not lawfully be introduced in evidence, but only a certified copy thereof. This objection is untenable upon the principles stated in the preceding paragraph. Other objections to the document are urged in the brief, but as they were not made in the court below, in accordance with the practice prevailing in this court we do not consider them.

After the State had rested its case, and the defendant had announced that he had no testimony to offer, the court over defendant's objection that the State had closed its case and the defendant had offered no testi-

mony to be rebutted, permitted the State to prove the testimony given by defendant in a divorce suit brought by him against the wife of the former marriage, and this ruling is the basis of the eighth assignment of error. In Anthony v. State, 44 Fla. ...., 32 South. Rep. 819, it was held that after a criminal case had been closed on both sides and the argument of counsel is being made, it is within the sound discretion of the trial court to permit the State to introduce additional evidence in furtherance of justice. See, also, Davis v. State, 44 Fla. ...., 32 South. Rep. 822. These authorities settle the question here raised against defendant's contention.

It appears that the testimony of defendant in the divorce suit so introduced in evidence was in narrative form, not elicited in answer to questions, but prepared by the attorney who represented him in that suit. The testimony so prepared was read over to the defendant by the master appointed to take the testimony, and the defendant thereupon swore to it. Several objections to the introduction of this evidence are presented in the briefs, but we confine ourselves to those interposed in the trial court and mentioned and argued in the briefs. These are that the testimony was not given upon interrogatories propounded to the defendant as a witness in the presence of or by the master, but was prepared in the form of a written narrative and read over and sworn to by the defendant before the master. The facts stated do not render the written narrative any the less a voluntary admission under oath by the defendant, and as such it was admissible as against the objections urged.

The ninth assignment of error is based upon exceptions to an instruction to the jury to the effect that in order for the State to show a former marriage, it is not incumbent upon it to prove the non-existence of every

legal impediment which might if existing affect the
validity of the marriage, but that in order to establish a
former marriage it is only necessary for the State to
show cohabitation between the parties to the marriage
after a marriage ceremony performed pursuant to an in
compliance with the legal and usual requisites and sol-
emnities. According to the testimony of the wife by the
first marriage, who was sworn as a witness on behalf of
the State, she and the defendant were married in Wa-
kulla county on September 12, 1889, by the Baptist min-
ister in charge of the church there. They lived together
as husband and wife for more than five years, when they
separated. Two children were born of the marriage,
the youngest about a month after the separation. By
other testimony it was shown that the second marriage
occurred December 22, 1901, in Santa Rosa county. Ac-
cording to the defendant's testimony in the divorce suit,
introduced on the part of the State, he and the first wife
were married on September 12, 1889, in Wakulla county
and lived together about seven years, when she refused
to live with him any longer or to permit him to go to see
her or the children.

There is no suggestion anywhere in the evidence of any
impediment to the first marriage, and that marriage is
proven as a fact with cohabitation thereunder for a
period of at least five years.

The defendant offered no evidence, and the case was
submitted to the jury upon the State's testimony alone.
The marriage as a fact was proven, the long cohabitation
following the actual marriage is evidence of consent, and
the fact that children were born to them would tend to
show that the parties were of sufficient age to enter into
the marriage relation. While there might possibly have
been other disabilities, such as precontract, want of men-

Ferrell v. The State of Florida—Opinion of Court.

tal capacity and the like, there is no  suggestion in the evidence that such existed, and we do not see, therefore, that the instruction as applied to this case could have been misleading to the jury, even though it  may not be technically correct.   In the  absence  of . any  evidence tending to suggest the invalidity of the former marriage upon the ground of some legal impediment, proof of the marriage in fact followed by cohabitation and the birth of children will naturally raise a  presumption that no legal impediments existed.   State v. Davis, 109 N. C. 780, 14 S. E. Rep. 55; Gibson v. State, 38 Miss. 313; Wilkie v. Collins, 48 Miss. 496; United States v. DeAmador, 6 New Mex. 173, 27 Pac. Rep. 488.   The rule announced in the instruction would seem to make the presumption a conclusive one.   At best it can in the  nature of  things be *prima facie* only (Commonwealth v. Kenny, 120  Mass. 387; Fleming v. People, 27 N. Y. 329),,though in the absence of testimony tending to prove the existence of legal impediments it would be sufficient to authorize the jury to find a valid marriage.   We do not see that defendant could have been injured in any way  under the facts of this case by the instruction given, and consequently find no reversible error upon this point.

The only other question presented by the  assignment of errors is that the evidence is insufficient to support the verdict.   The evidence in our  opinion is ample  to prove the defendant · guilty, and we are of opinion that the court below was right in refusing the motion for  a new trial.

The judgment is affirmed.