AMOS C. TESTON AND MATTIE BRIDGES, *Plaintiffs in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

Opinion Filed November 4, 1913.

An information charging that a man and woman "did then and there live and continue to cohabit with one another as husband and wife, and he, the said T., did then and there have a lawful wife living," is fatally defective in that, for aught that appears to the contrary the woman named therein was the lawful wife of T. The motion to quash the information should have been granted.

Writ of error to Criminal Court of Record, Hillsborough County; Lee J. Gibson, Judge.

Judgment reversed.

*Dayton & Dayton,* for Plaintiffs in error;

*T. F. West,* Attorney General, and *C. O. Andrews,* Assistant, for the State.

SHACKLEFORD, C. J.—Amos C. Teston and Mattie Bridges were tried and convicted upon an information charging that they "did then and there live and continue to cohabit with one another as husband and wife, and he, the said Amos C. Teston, did then and there have a lawful wife living."

Each of the defendants filed a motion to quash the information on various and sundry grounds and also filed a joint motion in arrest of judgment, all of which motions were denied. The information was presumably founded upon Section 3526 of the General Statutes of Florida, which reads as follows:

"Whoever, having a former husband or wife living, marries another person, or continues to cohabit with such second husband or wife in this State, shall (except in the

cases mentioned in the following section) be punished by imprisonment in the State prison not exceeding five years, or in the county jail not exceeding one year, or by fine not exceeding five hundred dollars."

If so, we are of the opinion that it is fatally defective in that, for aught that appears therein to the contrary, the defendant, Mattie Bridges, was the lawful wife of the other defendant, Amos C. Teston, who are attempted to be charged with the offense of unlawful continuous cohabitation. As to the requirements for an information or indictment founded on this statute, see Cathron v. State, 40 Fla. 468, 24 South. Rep. 496, and Ferrell v. State, 45 Fla. 26, 34 South. Rep. 220. Examining the information in the light of these two cases, it is obvious that it fails to comply with the requirements therein laid down.

If the information was founded on Section 3518 of the General Statutes of Florida, then it is fatally defective in failing to allege that the defendants lived in an open state of adultery. We would also refer to Tucker v. State, 35 Texas 113, and State v. Clinch, 8 Iowa 401. As the information fails to charge either offenses with the requisite certainty, the motions to quash should have been granted. Having reached this conclusion, it becomes unnecessary to consider the other assignments.

Judgment reversed.

TAYLOR, COCKRELL, HOCKER AND WHITFIELD, J. J., concur.