JOHN C. DAVIS, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

Opinion Filed November 15, 1918.

1. Under the first clause of Section 3526, General Statutes of 1906, prescribing a penalty against one who having a former husband or wife living, marries another person in this State, the second marriage constitutes the gist of the offense and must be laid in the indictment with particulars of time and place; but the first marriage being matter of inducement may be averred without particulars of time and place.

2. In a prosecution under the first clause of Section 3526, General Statutes of 1906, an indictment which fails to al-

lege the maiden name of the first spouse of the defendant but which does allege her name to be Mrs. (giving the name of the defendant), as Mrs. John C. Davis in this case, is not thereby rendered fatally defective and amenable to a motion to quash on that ground.

3. Under the provisions of Section 1518, General Statutes of 1906 a duly authenticated copy of a record, of a Court of another State with the Seal of the Court annexed, of an application for marriage license, a certificate that such license was issued, and the return of the Minister who united the parties in marriage pursuant thereto, which form a part of the records of such Court, is admissible in evidence in the Courts of this State.

Writ of Error to Circuit Court for Taylor County; M. F. Horne, Judge.

Judgment affirmed.

*Charles P. Diamond,* for Plaintiff in Error;

*Van C. Swearingen,* Attorney General, and *Worth W. Trammell,* Assistant, for the State.

WEST, J.—Plaintiff in error was indicted in the Circuit Court of Taylor County, upon a charge of bigamy. The indictment omitting formal parts is as follows:

"The Grand Jurors of the State of Florida, duly chosen, empanelled and sworn diligently to inquire and true presentment make in and for the body of the County of Taylor upon their oath present that John C. Davis, late of said county, on the 16th day of May, A. D. 1916, in the county and State aforesaid did unlawfully marry and have for his wife one Beulah Chancey. He, the said

John C. Davis, did then and there have a former wife living, to-wit: Mrs. John C. Davis."

Upon a trial of the case on the charge made in the indictment a verdict finding him guilty as charged was rendered, whereupon he was sentenced by the court to serve a term of imprisonment in the State prison.

From this judgment writ of error was taken and the case is here for review.

The first two assignments of error are predicated upon the orders of the trial court in overruling a motion to quash the indictment and a motion for a bill of particulars. The grounds of these motions are the same, namely (1) that the indictment fails to charge a marriage of the defendant prior to his alleged marriage to said Beulah Chancey; (2) that the indictment fails to show the name of the alleged former wife of the defendant, and (3) that the indictment fails to show the maiden name of the first alleged wife of the defendant.

The indictment is under the first clause of Section 3526, General Statutes of 1906, which is in the following language:

"Whoever, having a former husband or wife, living, marries another person, * * * shall * * * be punished," etc.

It will be observed that the allegation of the indictment with respect to the former wife of the defendant is substantially in the language of the statute. This, we think, is sufficient. Sec. 3961, General Statutes, 1906, Florida Compiled Laws, 1914.

In the case of Cathron v. State, 40 Fla. 468, 24 South. Rep. 496, this court held that, "While two marriages must be alleged and proved, the first marriage is mere matter of inducement requiring neither allegation nor proof that it was entered at any particular time or place.

The second marriage, however, constitutes the gist of the offense and must be laid with particulars of time and place in order to show that the offense is not barred by limitations and that it was committed within the jurisdiction of the court." See also Ferrell v. State, 45 Fla. 26, 34 South. Rep. 220.

By the weight of authority it is held that in a prosecution of this kind it is not necessary to allege the name of the first spouse. Wharton's Criminal Law (11th ed.), Sec. 2056; 7 C. J. 1168; State v. Davis, 109 N. C. 780, 14 S. E. Rep. 55; State v. Melton, 120 N. C. 591, 26 S. E. Rep. 933; Keneval v. State, 107 Tenn. 581, 64 S. W. Rep. 897; Johnson v. State, 60 Ark. 308, 30 S. W. Rep. 31. This, we think, is the sound rule, and, in principle, this court is in harmony with it as appears from the opinion from which we have quoted. In the trial the name of the former wife of the defendant was proved, together with his cohabitation with her for several months after their marriage.

The third assignment is abandoned and the fourth is predicated upon the order of the trial court in overruling objections of the defendant to the introduction in evidence of a "certified copy of an application for marriage and marriage license issued out of the Orphan's Court of Lycoming County, Penn." This was in proof of the first marriage of defendant.

The record objected to was a duly authenticated copy from the Recorder of the Orphans' Court of the County of Lycoming, State of Pennsylvania, of an application for marriage, a certificate that the license to marry was issued and a return of the Minister uniting the parties in marriage in accordance with the license so issued from said court. This record was admissible under Section

1518, General Statutes of 1906, Florida Compiled Laws, 1914, and there was, therefore no error in this ruling.

It is also urged that there was error in overruling defendant's motion to set aside the verdict and grant a new trial in the case. This motion raises only the question of the sufficiency of the evidence to sustain the verdict. There is ample evidence to support the verdict and there was no error in this ruling.

Other assignments based upon rulings of the trial court in overruling objections to questions propounded by the State Attorney to certain State witnesses do not require discussion.

The judgment will be affirmed.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND ELLIS, J. J., concur.