Nelson Morris, Edward Morris, Herbert Morris and Frank E. Vogel, Partners, as Nelson Morris & Co., v. Howard A. Stanfield, by His Next Friend.

1. NEGLIGENCE—*Non-performance of a Statutory Duty.*—A statute commanding an act to be done, creates an absolute duty to perform such act, and such duty does not depend and is not controlled by surrounding circumstances and when such non-performance results in an injury to another, negligence may be presumed as a conclusion of law.

2. SAME—*Employment of Children Under Thirteen.*—Where a manufacturing company unlawfully employs a child under thirteen years of age, and such child is injured while in such employment, the company so employing such child is liable for such injury.

3. SAME—*Negligence in Law.*—The non-performance of a statutory duty resulting in a personal injury to another, is negligence in law.

Trespass on the Case, for personal injuries. Trial in the Circuit Court of St. Clair County; the Hon. MARTIN W. SCHAEFFER, Judge, presiding. Verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the August term, 1898. Affirmed. Opinion filed March 10, 1899.

HAMILL & BORDERS, attorneys for appellants, contended that the plaintiff, although he was a minor, by entering the employ of the defendants, came under the general rule upon that subject and took upon himself all the natural and ordinary risks and perils incident to the service in which he was engaged, and to the manner in which it was conducted by the defendants. Gartland v. Toledo, W. & W. Ry. Co., 67 Ill. 498.

Statutes which create liabilities, where at common law

none existed, or which increase common law liabilities, are as a rule construed strictly.    In such cases the newly created liabilities will not be extended beyond the expressed provisions of the statute.    Am. and Eng. Ency., Vol. 23, 400.

JESSE M. FREELS and ALEX. FLANNIGAN, attorneys for appellee; DILL & WILDERMAN, of counsel.

The defendants are guilty of negligence in placing this young and inexperienced boy to work by the side of this uncovered, unprotected, dangerous saw, and also in failing to instruct him as to the dangers of the service at this saw—this boy-trap and boy-maimer—this dangerous instrument of destruction.    Norton v. Volzke, 158 Ill. 409; Herdman-Harrison Milling Co. v. Spehr, 46 Ill. App. 31; 145 Ill. 334; Harris v. Shebek, 151 Ill. 293; Ames & Frost Co. v. Strachurski, 145 Ill. 197; Hinckley v. Horazdowski, 133 Ill. 364; Verdelly v. Gray's Commercial Co., 115 Cal. 523.

The defendants are guilty of negligence *per se*, or as matter of law, in employing this boy under thirteen years of age, in violation of the statute forbidding such employment. R. S. Ill., 1895, p. 753, Chap. 48, Sec. 1–5; T. H. & I. R. R. Co. v. Voelker, 129 Ill. 555; Central R. & Banking Co. v. Smith, 78 Ga. 697–8; Western & Atlantic R. Co. v. Young, 81 Ga. 397; Queen v. Dayton Coal & Iron Co., 95 Tenn. 458.

MR. JUSTICE WORTHINGTON delivered the opinion of the court.

This is an action by Howard A. Stanfield, a minor, by his father as next friend, against defendants, to recover for personal injuries received while in their employ in their slaughtering establishment near East St. Louis.

The declaration as amended contains four counts.    The first alleged that the machine with which plaintiff was required to work was an improperly and dangerously constructed machine; that the saw set in the table was thirteen inches in diameter, uncovered and unprotected under and above the table; one-third of the saw revolved above and two-thirds below the surface of the table; that plaintiff was

a minor, and while exercising due care for his own safety, George Armbright, a servant of the defendants, caught one hand of plaintiff and pulled him back against the table in the rear of the plaintiff, and plaintiff's feet were thrust under the table and in consequence of the improper, unsafe and dangerous construction of said machine and the uncovered condition of the lower part of the table, plaintiff's feet were brought under the table in contact with the saw, whereby he was injured.

The second count is the same as the first with these additional allegations: That it was the duty of defendants to furnish plaintiff a safe place to work, to instruct him as to the duties and dangers of his employment, and that defendants wrongfully failed in their duty in this behalf. That the place furnished plaintiff to work was dangerous and hazardous and known to be so to defendants. Also that it was the duty of defendants to have and keep in their employ skillful servants to bring to and run and operate said machine; and defendants failed in their duty in this behalf and negligently employed and kept in their employ George Armbright, who was unskillful, unsafe and incompetent to successfully perform the duties required of him in this behalf.

The third count is the same as the first count with this addition: That the plaintiff was, on the 14th day of July, 1896, a minor under the age of thirteen years, and of the age of twelve years, and the defendants prior to said 14th day of July, contrary to the statute in such case made and provided, employed plaintiff for the space of fifteen days, and wrongfully placed and caused him to work with the said sawing machine.

The fourth count is substantially the same as the first with this addition: It is alleged that there was nothing under or below the surface of the table to protect persons from coming in contact with the saw in case they should slip and fall while working at the machine.

Defendant filed plea of not guilty. Verdict and judgment for the plaintiff for $1,000.

The injury was received on the 14th of July, 1896. Appellee had worked for appellants about five weeks. The testimony of appellee and his parents and the family record, fixes his age at thirteen on August 1, 1896. For the first few weeks of his employment he swept, ran errands, carried messages, etc. He was then placed at the saw table. His duties were to pass bones received from an adjacent table to the man at the saw table, who sawed them, and appellee then threw the pieces in barrels near by. On this saw table there was a revolving saw, twenty-two inches in diameter, projecting seven inches above the table, and nine inches below it. The evidence conflicts as to the distance from the edge of the table where appellee stood to the saw; witnesses for appellee stating it at from five to seven inches, and witnesses for appellants at thirteen inches. This conflict arises upon the issue as to whether a strip or "shell," as it is termed, was put on the edge of the table before or after the accident. Upon this point the testimony of witnesses is squarely contradictory.

To the right and back of the saw table, and near to it, was a table referred to as the "sinewing" table, where an employe, aged nineteen, by the name of Armbright, worked, taking the sinews from the shin bones before they were passed to the saw table. Immediately preceding the accident, there appears to have been some boy-play about which the evidence is conflicting, between appellee and Armbright, with a strip of hide that had come in with the refuse. It resulted in Armbright's reaching over with his right hand and catching appellee by the right hand and pulling him backward and thereby throwing his feet up against the lower edge of the saw under the table, whereby he was injured.

There was no guard under the table and in front of the saw. It is in evidence that a wire screen might be placed there at a nominal cost, which could be easily and speedily removed when necessary. Witnesses for appellant deny this. Under the conflicting evidence in this case the finding of the jury upon the allegations of care on the part of

appellee and of negligence on the part of appellants, is conclusive, unless there is error in the rulings of the court.

The following instructions were given at the instance of appellee:

25. "The court instructs you that if you believe from the evidence before you in this case that the defendants were a firm, and were carrying on a factory or manufacturing establishment, as alleged in the plaintiff's declaration; that they employed the plaintiff to work in their said factory or manufacturing establishment by the day, or for a longer period of time than one day, without having been first furnished with a certificate from the board of education or school directors of the school district in which the plaintiff then resided, authorizing such employment; that the defendants, after such employment, put and placed the plaintiff to work at the sawing machine mentioned in the plaintiff's declaration; that the plaintiff at the time of such employment was under the age of thirteen years; that the plaintiff was injured, as alleged in the plaintiff's declaration, while he was working under such employment at and with the said sawing machine and in such factory or manufacturing establishment, and while he was under the age of thirteen years, *and by reason of being so employed in such factory or manufacturing establishment,* and that the plaintiff was, at the time he was injured and immediately before, exercising all due and ordinary care (that is, such reasonable care as a child of his age might reasonably be expected to exercise) for his own safety, then you will find the defendants guilty and assess the plaintiff's damages at such sum as you find from the evidence will be a just and reasonable compensation for his injuries."

26. "The court instructs you that if any person, firm or corporation employs a child under the age of thirteen years by the day, or for a greater period of time than one day, in any factory or manufacturing establishment, without a certificate issued by the board of education or the school directors of the school district where such child resides, authorizing such employment, then such employment is an act of negligence on the part of such firm, person or corporation so employing such child, and if such child is hurt or injured in such factory or manufacturing establishment while it is so employed, *and by reason of being so employed,* and while such child is using all due and ordinary care (that is, such reasonable care as a child of that age might reasonably be expected to exercise) for its own safety,

then the person, firm or corporation so employing such child is legally liable for such injury."

A clear preponderance of the evidence shows that appellee was under thirteen years of age. It is in evidence by Stein, foreman of appellants, who employed appellee, that both appellee and his mother represented him to be over thirteen. This is denied by appellee and his mother. It may be said, however, that the statute forbidding the employment of child labor, under thirteen, does not state that it shall be willfully or knowingly employed. In this respect it is similar to the statute forbidding the sale of intoxicating liquors to minors, which statute has been construed, and verdicts of guilty sustained, although there was no proof of willfulness or of knowledge on the part of the accused.

It is insisted by appellants that these instructions took from the jury the question of negligence on the part of appellants if they found from the evidence that appellee was under thirteen years of age. Section 77 of Chapter 38 of the Criminal Code, declares, " That it shall be unlawful for any person, firm or corporation to employ or hire any child under thirteen years of age except as hereinafter provided." The only exception is when a school board gives a certificate that an aged or infirm relative is dependent in whole or in part upon said child.

It is specifically enacted in section 80 of said chapter, " That no person, firm or corporation shall employ any child under the age of thirteen years, in any store, factory or manufacturing establishment, by the day, or any period of time greater than one' day, unless such certificate shall be furnished, nor shall he permit any such child to work in his establishment."

A penalty is provided for the violation of this statute, and every day of the employment of such child is declared to be a separate offense. The purpose of this statute is clearly to prevent the employment of child labor.

If by reason of this prohibition the employment of a child under thirteen without a certificate is negligence in

law, and the injury occurs in consequence of such employ-ment, there is no error in these instructions.

It was held in the case of T. H. & I. R. Co. v. Voelker, 129 Ill. 555, that, "A statute commanding an act to be done, creates an absolute duty to perform such act, and the duty of such performance does not depend and is not con-trolled by surrounding circumstances. Non-performance of such statutory duty, resulting in injury to another, may therefore be presumed to be negligent as a conclusion of law."

To the same effect is L. S. & M. S. Ry. Co. v. Parker, 131 Ill. 566.

If the non-performance of a statutory duty resulting in personal injury to another is negligence in law, the doing of something prohibited by statute resulting in personal injury to another must also be negligence in law. There is then no error in stating in the instructions that the em-ployment of a child under the age of thirteen, without a certificate from a school board, is negligence.

If no injury results from a violation of a law, there is of course no liability in personal damages on account of the violation. Hence in cases of failure to ring a bell, or sound a whistle, or of running a train through an incorporated town at a prohibited rate of speed, it is always a question of fact for the jury to determine whether or not such viola-tion of law contributed to the injury. If it did, and the person injured was exercising due care, a liability exists. If it did not, a liability does not exist. An examination of the criticised instructions will show that they do not violate either this principle or its application in trial by jury. Both the 25th and 26th instructions make it a condition of recovery that the appellee was injured by reason of the violation of the law, namely by reason of his employment while under thirteen years of age.

The conditions in the 25th instruction are that "if you believe from the evidence * * * that the plaintiff at the time of such employment was under the age of thirteen years; that the plaintiff was injured as alleged in the

plaintiff's declaration while he was working under such employment at and with the said sawing machine and in such factory or manufacturing establishment, and while he was under thirteen years of age and *by reason of being employed* in such factory or manufacturing establishment," etc.

The conditions in the 26th instruction are, after stating the age, etc: "Then such employment is an act of negligence on the part of such firm, person or corporation employing such child, and if such child is hurt or injured in such factory or manufacturing establishment while it is so employed, and by reason of its being so employed," etc.

It will be seen by both of these instructions, that if the jury found for appellee, they must have found as a fact that the injury was received by reason of appellee's being employed in appellant's factory or manufacturing establishment. In other words they must have found that the negligence of which appellants were guilty in violating the law was a contributing cause to appellee's injury. In determining this, they had before them in evidence the place of employment, the character of the work, the machinery used, and all the circumstances and conditions attendant. All these were proper for consideration in passing upon this issue. The instructions are not then open to the objections of appellants that the question of negligence on their part was taken from the jury.

Appellants state in argument, that " it is well settled that if, subsequent to an original wrongful or negligent act, a new cause intervenes, of itself sufficient to stand as a cause of the injury, the former act must be considered too remote, *unless the original act was in and of itself a violation of some law or ordinance.*"

The application they seek to make of this principle is that the interference with " appellee by Armbright was the immediate and proximate cause of the injury. The exception stated in the proposition of appellants entirely destroys its force as applicable to this case. If appellee was under thirteen years of age and was employed in appellant's

factory, every day of his employment was a separate and distinct violation of law. Every day's employment was in legal effect "an original act of employment."

If it was negligence to put a boy under thirteen years of age at work in a factory within a few inches of an unprotected buzz saw, any act of negligence of a fellow-servant, not willfully intended to injure appellee, that brought him in contact with the saw,was a concurrent act of negligence. Such act may have been the immediate intervening cause, but the unlawful employment continuing, was, in combination with the intervening act, a proximate cause of the injury.

It is said in Pullman Palace Car Co. v. Laack, 143 Ill. 261:

"An intervening efficient cause is a new and independent force which breaks the casual connection between the original wrong and the injury, and itself becomes the direct and immediate, that is, the proximate, cause of an injury."

In this case the intervening cause did not break " the casual connection between the original wrong and the injury."

It is further said in the case just cited, the test is:

" Was it a new and independent force, acting in and of itself in causing the injury, and superseding the original wrong complained of so as to make it remote in the chain of causation? It must be manifest from this definition, that the negligence of the fellow-servants, whether it be treated as creating a condition, merely, or as a cause, was not such an intervening efficient cause as to break the casual connection between the negligence of appellant and the injury. The destructive agency set in motion by the negligence of the appellant increased in extent by the flow of burning oil, igniting whatever was in its way that was combustible. This followed as a natural and inevitable sequence. * * It therefore required the combined negligence of appellant and the fellow-servant to produce the conditions resulting in appellee's injury.

It is well settled that when the injury is the result of the negligence of the defendant and that of a third person, * * * the plaintiff may recover if the negligence of the defendant was an efficient cause of the injury. * * * In

such case, the negligence of two independent persons resulting in an injury to a third, where neither is sufficient within itself, both are to be treated in combination as the proximate cause of the injury. An efficient cause is simply the working cause, or that cause which produces effects or results, and a proximate cause is that which stands next in relation to the effect—not necessary in time or space, but in casual relation. * * * It is a familiar principle that where the negligence of two is, in combination, the proximate cause of an injury, either or both may be held responsible for the consequences resulting from their combined negligence."

To the same effect is C. & N. W. Ry. Co. v. Gillison, 173 Ill. 270.

It is contended that appellants are not liable, for the reason that if the machinery was unsafe on account of the saw's not being screened under the table, that the dangerous character of such a condition was apparent to appellee, and that, continuing to work at the table knowing the danger, he can not recover. It is also claimed that the twenty-fifth and twenty-sixth instructions require a higher degree of care on the part of the master in furnishing minors machinery than the law requires; and that the jury was not informed how much greater care was required.

We find no error in this respect. Greater care on the part of employers is required when the young and inexperienced are exposed to dangerous machinery. They can not be expected to see and appreciate dangers that older and experienced persons would see. The degree of care required is for the jury to determine from the evidence in the case. Herdmann-Harrison Milling Co. v. Spehr, 46 Ill. App. 31; 145 Ill. 333; Norton v. Volzke, 158 Ill. 408; Hinckley v. Horazdowsky, 133 Ill. 364.

It is assigned for error that the court erred in allowing the witness Jimmeson to give an opinion as an expert that the saw was not safe, and that it could have been made safe by placing a wire screen that would have cost but a trifle, probably two dollars and a half. The table itself appears to have been before the jury for inspection. There was

nothing intricate about it, and if, in the conflict of evidence, the jury believed that it was then in the same condition as when the accident occurred, we fail to see why they were not as competent to determine its character as safe or dangerous as an expert. The admission of expert testimony upon this point we think was error.

But if error, it is not under all the conditions of the case reversible error. It is apparent that if the distance from the edge of the table to the saw was only five or six inches, and the saw projected nine inches under the table and was unscreened, that it was not safe, with a boy of twelve years standing by its side. As bearing upon the question of appellants' negligence, we see no impropriety in allowing an expert to state that it could be made safe at a trifling expense, and to state how. It may be said, too, that appellants introduced expert evidence to show that it was safe in the condition they claimed it to have been, and that a guard or screen would have been impractical.

Upon a review of the whole case we find no substantial error.

The judgment of the Circuit Court is therefore affirmed.