ATLANTIC COAST LINE RAILROAD COMPANY, A CORPORATION, *Plaintiff in Error,* v. MARY WALLACE, A MINOR, BY HER NEXT FRIEND, GEORGE P. McKINNEY, *Defendant in Error.*

Opinion Filed November 11, 1913.

1. In actions for personal injuries, the defendant is not entitled to the affirmative charge when the evidence sustains the specific negligence alleged.

2. There is no error in defining negligence in the abstract, if the jury be instructed that recovery may be had only upon proof of the specific acts of negligence alleged.

3. Failure to stop, look and listen is not negligence *per se,* applied to a child crossing a railroad track upon a city street, where a flagman was required by ordinance.

4. A party may not complain of the court's refusal to give requested instructions, which were given in the general charge in a form more favorably to him.

5. Two thousand dollars will not be held excessive damages for the loss of one foot and partial permanent injury to the other, of a fourteen year old child, when concurred in by two juries.

Writ of error to Circuit Court, Suwannee County; Mallory F. Horne, Judge.

Judgment affirmed.

*John L. Doggett* and *J. B. Johnson*, for Plaintiff in Error;

*A. H. King*, and *F. L. Rees*, for Defendant in Error.

COCKRELL, J.—This is the second appearance of this case here, see 61 Fla. 93, 54 South. Rep. 893, two juries having found upon the disputed facts against the Railroad Company.

Much of the argument here is based upon the refusal of the Circuit Court to give the affirmative charge for the defendant corporation.

There was abundant evidence to sustain the specific acts of negligence alleged in the declaration, and that court properly declined to take the case from the jury.

Numerous errors are assigned upon the charges of the court and upon the refusal of instructions requested by the defendant.

The court gave a general abstract definition of negligence, but was careful to charge that recovery could be predicated only upon the specific acts of negligence alleged in the declaration.

The court refused to instruct that the failure of the plaintiff to stop, look and listen, before going upon the railroad track constituted negligence as matter of law. Assuming, but not deciding, that such failure constitutes negligence *per se,* the charge was not applicable here. The injured party was but a child thirteen or fourteen years old, walking upon the main street of the town of Live Oak, at a point where the town authorities by ordinance, required a flagman to be placed for her protection. The court left it to the jury to ascertain whether under the circumstances she was guilty of negligence. Moreover it is not certain that there is sufficient evidence in this record to make it an issue whether or not she did stop, look and listen.

An issue was made as to whether the refusal of the mother to permit an immediate operation upon the mangled foot, was under circumstances such as to cast upon the child the responsibility for a needless or avoidable increase in the injury. The measure of damages under these conditions was carefully laid down upon the former hearing of this cause, and was given *totidem verbis.* This became the law of the case, and even if we were permitted to revise it, we have no disposition to do so.

The general charge of the court gave the defendant company the benefit of every defense the evidence reasonably raised, in some respects even more favorably than in the instructions requested. It should not be heard to complain that the court charged that negligence on the child's part contributing solely to the injury debarred recovery, and refusing on its request to instruct that heedlessness and recklessness, as the sale cause, debarred recovery, which necessitated a much stronger showing on the defendant's behalf.

For the entire loss of one foot and a partial permanent injury to the other, a child of fourteen years, who suffered great pain and was rendered a cripple for life is awarded two thousand dollars damages against the party whose negligence caused the injury. Counsel need not expect this court to declare such a verdict excessive, after it has met with the approval of two juries and two trial judges who had the child before them.

Judgment affirmed.

SHACKLEFORD, C. J., AND TAYLOR, HOCKER AND WHIT-FIELD, J. J., concur.