CAMERON & BARKLEY COMPANY, *Plaintiff in Error*, v. LAW-ENGLE COMPANY, *Defendant in Error*.

En Banc.

Opinion filed November 18, 1929.

*McKay, Withers & Ramsey,* Attorneys for Plaintiff in Error.

*H. R. Williams,* Attorney for Defendant in Error.

ANDREWS, Commissioner:

Plaintiff in error obtained a judgment in the Circuit Court of Pinellas County against Chas. H. Law Company of Clearwater, Florida, upon the latter's endorsement of a promissory note. Upon this judgment an execution was issued and placed in the hands of the sheriff of Alachua County, who levied upon certain personal property located at Gainesville. The Law-Engle Company as claimant (defendant in error here) filed its claim with the sheriff of Alachua County for the property so levied upon furnishing a claim bond as required by statute. On May 9, 1928, a trial was had in Pinellas County as to the rights of property, and at the conclusion of testimony the trial court upon motion of claimant directed the jury to return a verdict for the claimant—Law-Engle Company. A motion for new trial was denied and final judgment entered for claimant.

The only assignment of error argued is that the trial court erred in directing a verdict in favor of claimant and entering judgment thereon.

Sections 4517 to 4521, inclusive, Comp. Gen. Laws of Florida, 1927, provides the procedure to be followed in trying the rights of property as between the plaintiff-in-execution and a claimant. Volusia County Bank v. Bigelow, 45 Fla. 638, 33 So. R. 704.

"In a claim proceedings under the statutes the burden of proof is upon the claimant, who must recover upon the strength of his own title and right to possession of the property claimed." Cohen v. Harris, 61 Fla. 137, 54 So. R. 905.

Where there is some substantial evidence to support a verdict for one party, a verdict for the other party should not be directed by the court on the ground that a preponderance of the evidence is favorable to the movant. F. E. C. R. Co. v. Hayes, 66 Fla. 589, 62 So. R. 274.

"If the evidence is conflicting or will admit of different reasonable inference, or if there is· evidence tending to prove the issue, it should be submitted to the jury as a question of fact to be determined by them, and not taken from the jury and passed upon by the court as a question of law." Williams v. Sherry,. 94 Fla. 998, 114 So. R. 849. See also Davis v. Ivy, 93 Fla. 387, 112 So. R. 264.

In the case of Branford State Bank v. Howell Co., 88 Fla. 493, 102 So. R. 649, this Court said:

"The judge should never direct a verdict for one party unless the evidence is such that no view which the jury may lawfully take of it favorable to the other party can be sustained, nor should a motion for directed verdict be granted where the evidence is conflicting or will admit of different reasonable inferences, or if there is evidence tending to prove the issue. Under our jurisprudence the matter of directing a verdict as authorized by Section 2696, Revised General Statutes of Florida, 1920, is a delicate one and should be cautiously exercised."

The statute referred to now constitutes Section 4363, Compiled General Laws of Florida 1927, and that portion of said section having reference to directing verdicts provides that if, after all the evidence of the parties shall have been submitted, "it be apparent to the judge that no

sufficient evidence has been submitted'' upon which the jury could legally find a verdict for one party, the judge may direct the jury to find a verdict for the opposite party.

The question presented to this Court is whether or not the evidence is such that, (1) no view which the jury may lawfully take of it favorable to the plaintiff in execution can be sustained, (2) is the evidence conflicting, or will it admit of different reasonable inferences, (3) is there evidence tending to prove the issue in favor of objecting party.

In the trial Chas. H. Law testified:

> ''I am president of the Law-Engle Company and president of the Chas. H. Law Company. My dealings between the Chas. H. Law Company and the Law-Engle Company have not been altogether with myself. I was president of both concerns. * * * I purchased this material as Chas. H. Law Company from the Cameron & Barkley Company and had it shipped to me at Gainesville and received it there as Chas. H. Law Company, and acting for Chas. H. Law Company, I transferred this same property to the Law-Engle Company, of which I am also president.''

Mr. Law also testified:

> ''That property was purchased by the Chas. H. Law Company from Cameron & Barkley Company and it was delivered by the Cameron & Barkley Company at Gainesville. Because the Chas. H. Law Company contemplated changing the style of the business name of the concern—the name of the parties operating as Law-Engle Company.''

On October 24, 1927, the "Chas. H. Law Company" by Chas. H. Law, wrote a letter to the Cameron & Barkley Company, Tampa, Florida, as follows:

"CHAS. H. LAW COMPANY
Plumbing and Heating Contractors
324 Twenty-Sixth Street South
St. Petersburg, Fla.

Oct. 24th, 1927.

Cameron & Barkley Co.,
Tampa, Fla.
Gentlemen:

We refer to the attachment which has been placed on some of our material at the Kelley Hotel, Gainesville, Florida. You have included in this attachment a list of cork covering belong to the Armstrong Cork of Pittsburg, Penna.

This material was surrendered to the Armstrong Cork Co. several months ago. It is simply being held in Gainesville waiting for the Armstrong Cork Company to return it to their ware house.

We therefore ask that you give the representative of the Armstrong Cork Company a written release on this material.     Very truly yours,

CHAS. H. LAW COMPANY,
(S) C. H. Law."

The above letter was written on October 24, 1927, several days after the levy of the execution in Gainesville on September 30, 1927.

It will be observed that the letter does not mention anything with reference to the attached property belonging to the Law-Engle Company. The letter, however, refers to the attached property as some of "our material" at Gainesville.

The conclusion is almost inescapable that if the Law-

Engle Company had any legal claim on this attached property on and from December 12, 1926, that such claim would have been mentioned in Mr. Law's letter of October 24, 1927, as he was president of both companies.

The claim affidavit of Law-Engle Company was filed January 2, 1928, and the same was sworn to by H. M. Rock as secretary of and for the Law-Engle Company, a corporation under the laws of Florida, who says she was also secretary of the Chas. H. Law Company.

There is evidence in this case which will admit of a difference of opinion between reasonable men as to whether or not the claim of the Law-Engle Company was superior to that of the Cameron-Barkley Company.

It is considered by the Court that the trial court erred in directing a verdict for claimant; the cause is therefore reversed for new trial and it is so ordered.

PER CURIAM.—The record in this cause having been considered by the Court, and the foregoing opinion prepared under Chapter 14553, Acts of 1929, adopted by the Court as its opinion, it is considered, ordered and adjudged by the Court that the judgment of the court below should be, and the same is hereby, reversed for a new trial.

TERRELL, C. J., AND WHITFIELD, ELLIS, STRUM, BROWN AND BUFORD, J. J., concur.