TAMPA SHIPBUILDING & ENGINEERING CORP. v. FRED
ADAMS.

181 So. 403, 893.
Opinion Filed April 14, 1938.
Rehearing Denied June 7, 1938.

420

*Herbert S. Phillips,* for Plaintiff in Error;

*L. D. McGregor,* and *Hampton, Bull & Crom,* for Defendant in Error.

CHAPMAN, J.—This cause is before the Court on writ of error to a final judgment for plaintiff below entered by the Circuit Court of Hillsborough County, Florida. The declaration was drawn under Sections 5943 and 5944 C. G. L., and the count submitted to the jury is, viz.:

" 'Plaintiff further sues the defendant for that on or about the 6th day of November, 1934, defendant was engaged in conducting a workship or foundry, operating a foundry and shipbuilding plant in Hillsborough County, Florida, in which was included, among other things, an electric elevator which consisted of a platform elevated and lowered by means of electric machinery; and well knowing the premises, the defendant at said time and place had in its employ in connection with the operation of said plant, a minor child of the plaintiff under sixteen years of age, whose name was Fred Lee Adams, who was employed, permitted and suffered to work in said foundry and workshop; but at said time and place the defendant had not complied with the terms and conditions of Section 4, Chapter 6488, Laws of Florida 1913, and never had complied with the same at the time or during the employment of said child; and plaintiff avers that while so employed, said minor child entered upon the platform of said electric elevator and attempted to operate the same; that in such attempt to operate said elevator, while the same was ascending; said minor child either fell from or became frightened and jumped from said elevator, as a result of which he was crushed, mangled and received injuries from which he died.

"Plaintiff further avers that he is the father and next of kin to said minor, and by reason of the injuries to said minor the plaintiff has lost and been deprived of the services of said Fred Lee Adams, and plaintiff's wife, Mary Adams, the mother of said Fred Lee Adams, together with the plaintiff, has been subjected to great mental pain and suffering by reason of the death of said minor child as aforesaid; and plaintiff has been compelled, by reason of the wrongful death of said Fred Lee Adams, to expend the sum of $250.00 in and about funeral expenses for the burial of said child; that said minor child was earning at the time of his injury $6.50 per week.

"WHEREFORE plaintiff says he has been injured and sustained damages in the sum of $15,000.00."

Several pleas were filed by the defendant to the declaration, *supra,* but a demurrer was sustained thereto and the action was tried on pleas 1 and 2 of the defendant, which are, viz.:

"Now comes the defendant, Tampa Shipbuilding & Engineering Company, a corporation, by its undersigned attorneys, and pleads to the declaration, the same being the fifth count of the declaration, the first four counts having been eliminated by order of the court.

"1.   For a first plea the defendant says that it is not guilty.

"2.   And for a second plea the defendant denies the allegation of the declaration that the plaintiff's son, Fred Lee Adams, was, at the time of his alleged employment and injury, a minor under sixteen years of age, and defendant further alleges the truth to be that at the time of his employment and at the time of his injury and death the said Fred Lee Adams was over sixteen years of age."

This court had before it the statutes, *supra,* under which this action was brought in the case of J. Ray Arnold Lum-

ber Corp. v. Richardson, 105 Fla. 204, text 205-7, 141 So. 133, when it was said:

"The cause was tried upon the theory that if the defendant 'employed,' 'permitted' or 'suffered' the plaintiff to work in the manner described, and the plaintiff received the injury complained of while at work, that the defendant was guilty of negligence *per se* by. its act of employing, permitting, or suffering the child to work in violation of the positive inhibition of the statute, and was consequently liable for the damages occasioned by the child's injury, regardless of the manner in which the injury came about. In other words, the position of the plaintiff is that the illegal employment, or permitting, or suffering to work, is, in such case, to be regarded as the proximate cause of whatever injury occurs in the course of the work that the child is permitted or suffered to do, and that it is only essential to prove the illegal employment, or suffering to work, and its casual connection with an injury in the course of it, to establish a ground for recovery.

"The violation of such a statute as Section 5943, C. G. L., *supra,* has been universally held to give rise to a cause of action, because statutes for the protection of the lives and limbs of children are held to create a liability for damages due to their infraction, whether provided for in so many words in the statute or not. Norris v. Stanfield, 81 Ill. App. 264; Koester v. Rochester Candy Works, 194 N. Y. 92, 87 N. E. 77; Leathers v. Blackwell, Durham Tobacco Co., 144 N. C. 330, 57 S. E. 11; Norman v. Virginia Pocahontas Coal Co., 68 W. Va. 405, 69 S. E. 857; Berdos v. Tremont & Suffolk Mills, 209 Mass. 489, 95 N. E. 876; See also Labott's Master and Servant, (2nd Ed.) Vol. 5, page 5885, par. 1899.

"And such statutes, being to effectuate a humane purpose and intended for the progress of humanity, should be

liberally construed. Cole v. Sloss-Sheffield Steel & Iron Co., 186 Ala. 192, 65 Sou. Rep. 177; DeSoto Coal Co. v. Hill, 179 Ala. 186, 60 Sou. Rep. 583; Nolan v. Moore, 81 Fla. 594, 88 Sou. Rep. 601. 'This is a statute which makes an epoch in the progress of humanity, and the Courts should not get in its way and whittle it down, as Courts have done in the past.' Lee v. Sterling Mfg., 47 Misc. (N. Y.) Rep. 182, 93 N. Y. Supp. 560.

"The statute was enacted in pursuance of a wise, humane, public policy to prohibit the parents of children under fourteen years of age from hiring them out to work not only in, but 'in connection with' any mill, factory, workshop, mechanical establishment, laundry or on the stage of any theatre and to make the observance of it effective by prohibiting the owners or operators of such places from employing children under age to work in, about *or in connection with,* the named establishments.

"In so enacting it, the Legislature not only took into account the likely hazardous nature of the work usually done in the prohibited places, but also exercised its power and duty to provide for the protection of the young children of the State from growing up in servility and ignorance, rendering them unfit to discharge the duties of citizenship. Not the least of the statutory objects was to prevent children from being deprived of educational advantages while hired out through the cupidity of parents or guardians in connection with those particular works where child-labor was known to be most generally employed, or frequently sought, owing to its own well known cheapness and adaptability to be used as an auxiliary to adult labor. Leathers v. Blackwell, Durham Tobacco Co. (N. C.) *supra.*

"We hold therefore that a declaration alleging a violation of the quoted statute, coupled with an allegation of injury as a result thereof, is sufficient to state a cause of action

under the rules of pleading prevailing in this State, and that the declaration in the instant case was sufficient under this rule to withstand the defendant's demurrer and motions for compulsory amendment, which the lower court overruled. Triay v. Seals, 92 Fla. 310, 109 Sou. Rep. 427; Pillett v. Ershick, 99 Fla. 483, 126 Sou. Rep. 784; Dowling v. Nicholson, 101 Fla. 672, 135 Sou. Rep. 288."

Under Sections 5943 and 5944 C. G. L., and J. Ray Arnold Lumber Corp. v. Richardson, *supra,* we think the declaration states a cause of action. A demurrer was by the lower court sustained as to the third plea of the defendant which in substance alleged that at the time the minor, Fred Lee Adams, was employed, he represented himself to be seventeen years of age and that the defendant gave due weight to his statement as to his age and gave him employment. We feel that this defense is precluded by the statutes, *supra.*

The lower court sustained a demurrer of plaintiff to the fourth plea of defendant which set forth that Fred Lee Adams was employed to perform non hazardous work; that he was not employed to operate the elevator; that he had been instructed not to attempt to use the elevator, but to use the stairs; that the boy was using the elevator at the time of the accident without the knowledge of the defendant; that he was of sufficient mental capacity, intelligence and judgment to appreciate all dangers incident to the operation of the elevator; that the use and operation of the elevator by the boy was negligence which contributed to his injury and death. Counsel for plaintiff in error has cited a number of authorities to sustain its plea of contributory negligence. It is difficult to follow these authorities when this Court in the construction of the statutes under which the suit was brought, in Arnold Lumber Co. v. Richardson, said: "That the defendant was guilty of

negligence *per se* by its act in employing, permitting, or suffering the child to work in violation of the positive inhibitions of the statute." The employment of the child, *ipso facto,* in derogation of the statutes, is in law considered the proximate cause of the death of the boy and not the contributory negligence as stated in the plea and stricken by the lower court.

In Lenahan v. Pittston Coal Min. Co., 218 Pa. 311, 67 Atl. 642, 12 L. R. A. (N. S.) 461, text 464-5, when treating with contributory negligence in a similar case that Court said:

"* * * The injured boy was under fifteen years of age, and, if the appellee company employed him for the purpose of oiling machinery, it did so in violation of the statute. Is it, therefore, in position to set up in this case the rule which presumes a boy over fourteen to be capable of appreciating danger so as to apply the rule of contributory negligence to his acts, when the Legislature in express terms provided that an employer shall not engage a person under the age of fifteen years to perform this dangerous work? After full consideration, we are unanimously of the opinion that the Legislature, under its police power, could fix an age limit below which boys should not be employed; and, when the age limit was so fixed, an employer who violates the Act by engaging a boy under the statutory age does so at his own risk; and, if the boy is injured while engaged in the performance of the prohibited duties for which he was employed, his employer will be liable in damages for injuries thus sustained. This rule is founded on the principle that, when the Legislature definitely established an age limit under which children should not be employed, as it had the power to do, the intention was to declare that a child so employed did not have the mature judgment, experience, and discretion necessary to

engage in that dangerous kind of work. A boy employed in violation of the statute is not chargeable with contributory negligence, or with having the risks of employment in such occupation. There can be no question that this statute was intended as a protection to the employees, and its object was to prevent children under the age of fifteen years from being employed in and around the anthracite coal mines in the dangerous kind of work · designated in the Act, and it should be given a construction to best effectuate the purpose of its enactment. This exact question has not been before our courts, but it has been passed upon by the courts of many other jurisdictions, and, so far as we are informed, the rule hereinbefore stated has been uniformly followed."

Assignments of error 3, 4, 5, 6, 7, and 8 raise the question of the accuracy of the ruling of the trial court in refusing and denying the defendant below the right to prove or establish by competent testimony that the father and mother of the deceased knew of the employment in · which their son was engaged, and with this information before them, each consented to his employment. The issue was raised in the lower court by objection to the admission and rejection of testimony during the trial of the cause offered on the part of Fred Adams and Mary Adams, parents of the deceased. The questions objected to squarely raised the correctness of the ruling of ·the lower court in ·the admission and rejection of the evidence. Counsel for plaintiff in error cite as authority for his position Section 7979 C. G. L.; Dickinson v. Stuart Colliery Co., 71 W. Va. 325, 76 S. E. 654, 43 L. R. A. (N. S.) 335; ·Kentucky Utilities Co. v. McCarty's Adm'r, 169 Ky. 38, 183 S. W. 237, 239; Swope v. Keystone Coal & Coke Co., 78 W. Va. 517, 89 S. E. 284, L. R. A. 1917A, 1128; Daniels v. Thacker Fuel Co., 79 W. Va. 255, 90 S. E. 840; Hammack v. Hope Nat-

ural Gas Co., 104 W. Va. 344, 140 S. E. 1; Ashcraft v. Jerome Hardwood Lbr. Co., 173 Ark. 135, 292 S. W. 386; Hodges v. Savannah Kaolin Co., 28 Ga. App. 406, 111 S. E. 441; Tiffany, Death by Wrongful Act (2nd Ed.) Secs. 69 to 71, inclusive; Labatts Master & Servant (2nd Ed.) Vol. 5, Sec. 1904, p. 5932.

We cannot overlook the wealth of authority cited to sustain his position, but we are here face to face with a statute and a previous decision of this Court expressing a contrary view. See Sections 5943, 5944 and 5945 C. G. L.; J. Ray Arnold Lumber Corp. v. Richardson, *supra*. The Legislature, by the enactment of the statutes here intended to prevent the employment of children under the ages named, or permit, or suffer them to work in any factory, workshop, laundry, mine or mill without first substantially complying with Section 5944, *supra*. It had as its objective the protection of children, as therein described, from then existing abuses. The Legislature had a right to enact such a law and when enacted it was binding on children, parents and employers alike. It cannot be assumed that either, by his desire or intention, could amend, alter, or modify it, but the law as it existed should control as intended by the Legislature. The violation of the statute gave rise to a cause of action. The responsibility rests on all to see that the spirit and letter of the Act is observed and kept.

It is contended that the lower court erred in admitting into evidence, over objection of defendant below, a Bible purporting to contain an entry showing the date of birth of the deceased. The evidence shows the discussion of two Bibles, one examined on the night of the day of the death of the boy and another Bible subsequently adduced containing the entry of the date of birth of Fred Lee Adams. The latter Bible was shown to have been in the possession of the deceased grandfather at Quitman, Georgia. The

date of birth of Fred Lee Adams was written in the Bible by the midwife attending the boy's birth and made therein on the following day. The father and mother of Fred Lee Adams likewise were present and saw the midwife write the date of the birth of the deceased in the Bible adduced in evidence. Other evidence was offered to show the age of the boy and from this evidence the age of Fred Lee Adams became a jury question. We fail to see error in the admission of the Bible in evidence.

It is further contended that the lower court erred in refusing to direct the jury to find a verdict for the defendant at the conclusion of the taking of all the evidence in the cause. Whenever under the facts sufficiently alleged, actionable negligence may be shown by competent evidence the question of defendant's negligence as alleged and of the injury proximately resulting therefrom to the plaintiff, or to those represented by the plaintiff, should be properly submitted to the jury with appropriate instructions from the court on the law applicable to the facts and circumstances rightly in evidence. See Southern Express Co. v. Williamson, 66 Fla. 286, 63 So. 433, L. R. A. 1916, 1208. This Court has in many cases settled the law controlling courts in directing verdicts on disputed questions of facts. If the evidence is conflicting or will admit of different reasonable inferences, or if there is evidence tending to prove the issue, it should be submitted to the jury as a question of fact to be determined by them, and not taken from the jury and passed upon by the court as a question of law. Cameron, etc., Co. v. Law-Engle Co., 98 Fla. 920, 124 So. 814; McKinnon v. Johnson, 57 Fla. 120, 48 So. 910; Starks v. Sawyer, 56 Fla. 596, 47 So. 513; Florida Cent., etc., R. Co. v. Williams, 37 Fla. 406, 20 So. 558; Southern Exp. Co. v. Williamson, 66 Fla. 286, 63 So. 433; L. R. A. 1916C, 1208; Bass v. Ramos, 58 Fla. 161,

50 So. 945, 138 Am. St. Rep. 105; Wood Lbr. Co. v. Gipson, 63 Fla. 316, 58 So. 364; Paul v. Commercial Bank, 69 Fla. 62, 68 So. 68; Johnson v. Louisville, etc., R. Co., 59 Fla. 305, 52 So. 195; Williams v. Sherry, 94 Fla. 998, 114 So. 849; German-American Lbr. Co. v. Brock, 55 Fla. 577, 46 So. 740; Atlantic Coast Line R. Co. v. Pelot, 62 Fla. 121, 56 So. 496. See King v. Cooney-Eckstein Co., 66 Fla. 246, 63 So. 659, Ann. Cas. 1916C 163; Gunn v. Jacksonville, 67 Fla. 40, 64 So. 435; Davis v. Ivey, 93 Fla. 387, 112 So. 264; Florida East Coast Ry. Co. v. Hayes, 66 Fla. 589, 64 So. 274; Jacksonville v. Glover, 69 Fla. 701, 69 So. 20; Gravette v. Turner, 77 Fla. 311, 81 So. 476; Gulf Refining Co. v. Ankeny, 102 Fla. 151, 135 So. 521.

The judge should never direct a verdict for one party unless the evidence is such that no view which the jury may lawfully take of it favorable to the other party can be sustained, nor should a motion for directed verdict be granted where the evidence is conflicting or will admit of different reasonable inferences, or if there is evidence tending to prove the issue. Branford State Bank v. Howell Co., 88 Fla. 493, 102 So. 649, quoted in Cemeron, etc., Co. v. Law-Engle Co., 98 Fla. 920, 124 So. 814. See Aspinwall v. Gleason, 97 Fla. 869, 122 So. 270; Bayshore Develop. Co. v. Bondfoey, 75 Fla. 455, 78 So. 507, L. R. A. 1918D, 889.

Assignment 14 was disposed of under assignments 3, 4, 5, 6, 7 and 8.

Assignments 15, 16, 17, 18, 19 and 20 are each based upon instructions, either given or refused on the part of the lower court. We have considered the instructions given by the court, as well as those requested to be given on the part of the defendant, and by the trial court denied. When

passing upon a single instruction or charge it should be considered with all other instructions. The rule is well expressed by this Court in the case of Lewis v. State, 55 Fla. 54, text 63-64, 45 So. 998, when this Court said:

"It is settled law in this Court that in passing upon a single instruction or charge it should be considered in connection with all the other instructions and charges bearing on the same subject, and if, when thus considered, the law appears to have been fairly presented to the jury, an assignment predicated upon the giving of such instruction or charge must fail, unless under all the peculiar circumstances of the case the court is of the opinion that such instruction or charge was calculated to confuse, mislead or prejudice the jury. Atlantic Coast Line R. Co. v. Crosby, 53 Fla. 400, 43 South. Rep. 318, and authorities therein cited; Davis v. State, 54 Fla. 34, 44 South. Rep. 757; Atlantic Coast Line R. Co. v. Beazley, 54 Fla. 311, 45 South. Rep. 761; Cross v. Aby, decided here at this term. It is also settled law here that where an instruction, as far as it goes, states a correct proposition of law, but is defective because it fails to qualify or explain the proposition it lays down in consonance with the facts of the case, such defect is cured if previous or subsequent charges or instructions are given containing the required qualifications or exceptions. It is not required that a single instruction should contain all the law relating to the particular subject treated therein. Atlantic Coast Line R. Co. v. Crosby, *supra*, and authorities therein cited."

In the motion for a new trial it is contended that the verdict and judgment for the sum of $3,550.00 is excessive. Section 7049 C. G. L. authorizes a recovery by the father for the loss to him of his child's services during the child's minority, also for the mental pain and suffering of the parents.

A judgment for the sum of $12,500.00 was held not excessive in the case of Florida East Coast Ry. Co. v. Hayes, 66 Fla. 590.

Two thousand dollars was held not to be excessive damages for the loss of one foot and partial permanent injury to the other, of a fourteen year old child, when concurred in by two juries. Atlantic Coast Line R. Co. v. Wallace, 66 Fla. 321, 63 So. 583.

In an action for damages for loss of arm of young child recovery of $15,000.00 was held not excessive. Tampa Electric Co. v. Bazemore, 85 Fla. 164, 96 So. 297.

In J. Ray Arnold Lumber Corp. v. Richardson the plaintiff was a boy 12 years of age and suffered a crushed or broken leg which within a few weeks healed and no permanent injuries resulted and this Court sustained a judgment in the sum of $4,000.00.

In the case of Miami Dairy Farms v. Tinsley, 121 Fla. 774, 164 So. 528, a boy approximately 10½ years of age, energetic, bright and promising, was killed and this Court upheld an award to the father in the sum of $8,000.00.

Likewise in the case of Florida Dairies Co. v. Rogers, 119 Fla. 451, 161 So. 85, this Court sustained a judgment in the sum of $7,000.00 for the mother of Emory Rogers, a minor sixteen years of age, who was killed.

The rule is well established that a new trial should not be granted for excessive damages unless the amount is such as to shock the judicial conscience or to indicate the jury must have been influened unduly by passion or prejudice. See Atlantic Coast Line R. Co. v. Whitney, 65 Fla. 72, 61 So. 179; Seaboard Air Line Ry. Co. v. Callan, 73 Fla. 688, 74 So. 799; Davis v. Ivey, 93 Fla. 387, 112 So. 264.

From a careful consideration of the entire record we

have concluded that substantial justice was awarded in the lower court and for that reason the judgment appealed from is hereby affirmed.

WHITFIELD, TERRELL and BUFORD, J. J., concur.

ELLIS, C. J., concurs specially.

BROWN, J., concurs in the conclusion.

ELLIS, C. J. (concurring specially).—I agree to the conclusion reached in this case upon the ground that the fifth count of the declaration stated a cause of action for damages for the injury sustained by the plaintiff in the death of his minor child while employed by the defendant in violation of Section 5944 C. G. L. 1927; that the evidence in the case supports the allegations of the declaration and that the American doctrine as applicable to the violation of such statutes is as stated by Labatt on Master & Servant and approved by this Court in the case of J. Ray Arnold Lumber Co. v. Richardson, 105 Fla. 204, 141 South. Rep. 133. The doctrine as announced by Labatt is as follows:

"The American courts proceed upon the theory that the violation of a statutory duty constitutes negligence *per se* in respect of any individual member of the class of employees for whose benefit it was imposed upon the employer." See Labatt's Master & Servant, p. 5943, Sec. 1906.

### ON PETITION FOR REHEARING.

CHAPMAN, J.—On petition for rehearing it is contended that this Court failed to consider the rule or amount of recovery as expressed by this Court in the case of Wilkie v. Roberts, 91 Fla. 1064, 109 So. 225. This was an action by a parent to recover compensation for loss of service during minority, and expense incident to recovery. There was a complete failure to establish by competent testimony the value of the loss of services of the child during its

minority. It performed no service or labor that produced an income. There was nothing in the record on which the jury could form an estimate as to the value of the services of the child to its father.

In the case of Fuller v. Darnell, 100 Fla. 778, 129 So. 915, 74 A. L. R. 1, there was no evidence of earnings or services of value. The basis of recovery was for pain and suffering experienced by the father because of the death of his minor child. While in the case of Miami Dairy Farms v. Tinsley, 115 Fla. 653, 155 So. 850, this Court held that damages awarded parents for mental pain and suffering should be reasonable under the conditions and circumstances of each case *as it arises*. The statute gives parents the right to recover for loss of services until he becomes of age and for mental pain and suffering of the parent or parents of a minor child wrongfully killed.

The evidence showed the deceased was a healthy, bright colored boy who was working at his first employment when killed. It is true that he had been a bootblack for some time prior to taking up the work where killed. It seems there is sufficient testimony to sustain the finding of the jury on the question of mental pain and suffering of the parents. We feel that due consideration was given to each of the above citations presented by the able counsel for petitioner.

It is next contended that this Court failed and omitted to consider the many authorities cited in his original brief. These authorities were fully considered when the original opinion in this suit was prepared. We cannot overlook the persuasive effect thereof, but we are forced to follow the statutes controlling the case at bar, as well as the case of J. Ray Arnold Lumber Corp. v. Richardson, cited in the original opinion.

After a thorough and careful consideration of each point raised in the petition for a rehearing we find no just cause or reason for receding from the original opinion herein filed.

. WHITFIELD, TERRELL and BUFORD, J. J., concur.