266 So.2d 112 (1972)
James Randall BALDRIDGE, by His Next Friend, His Father, William J. Baldridge, Appellant,
v.
Robert HATCHER, D/B/a Hatcher's Garbage Disposal Service, Appellee.
No. 71-682.
District Court of Appeal of Florida, Second District.
July 19, 1972.
Allgood, McPherson & Cobb, New Port Richey, for appellant.
Dan C. Rasmussen of Delzar, Edwards & Martin, Port Richey, for appellee.
MANN, Judge.
Here we have the opposite case from Seaboard Coast Line Railroad Co. v. deJesus, 266 So.2d 108. There a violation of an ordinary statute was alleged, and the jury was charged that if they found a violation that it constituted negligence per se. *113 Here the ground of liability is the employment by Hatcher of Randy Baldridge, age 14, to operate dangerous machinery on a garbage truck, in violation of Fla. Stat. § 450.061(1) (1971),[1] F.S.A. While operating the device which compresses garbage into the body of the truck, young Baldridge broke his finger.
The jury was charged, over plaintiff's objection, that violation of the statute was "evidence of negligence," substantially in accord with Standard Jury Instruction 4.11, 31 F.S.A., which in deJesus was found appropriate to the ordinary case.
But this is no ordinary case. The legislature, in prohibiting the employment of minors to operate dangerous machinery, has imposed strict liability on the employer. In effect, the employment is said to be the act from which the injury follows as the foreseeable consequence. This places causation at an antecedent point, and the minor's contributory negligence in the operation of the machinery is no defense. The Third Edition of Prosser on Torts makes this point in at least four sections, at pages 202, 435, 436, 468 and 538. Our Supreme Court has made the point clear in Tampa Shipbuilding & Engineering Corp. v. Adams.[2] There the court upheld as sufficient a complaint whose essential allegations amount to the unlawful employment of a minor under sixteen, who was permitted to work in a foundry and workshop, where he attempted to operate an elevator, from which he either fell or, having become frightened, jumped. Tamiami Gun Shop v. Klein,[3] where the defendant unlawfully sold a firearm, is to like effect. In that case the purchaser and his buddies said he was over eighteen. A similar argument is made here. Randy Baldridge, though not then fifteen, weighed 210 pounds. This must raise precisely the point the legislature had in mind in protecting minors from certain inherently dangerous conduct. If size were the measure of maturity of judgment, King Kong could be President.
Reversed and remanded.
LILES, A.C.J., and HOBSON, J., concur.
NOTES
[1] 450.061 (1) No minor under sixteen years of age, whether such person's disabilities of nonage have been removed by marriage or otherwise, shall be employed, permitted or suffered to work in the following occupations:

(a) In connection with power-driven machinery, except power mowers with cutting blades twenty-four inches or less;
[2] 1938, 132 Fla. 419, 181 So. 403.
[3] Fla. 1959, 116 So.2d 421. See also Lewis v. City of Miami, 1937, 127 Fla. 426, 173 So. 150.