MANN, Judge.
4.9 Violation of this [statute.] [ordinance] is negligence. If you find that a person alleged to have been negligent violated this [statute] [ordinance], such person was negligent. You should then determine whether such negligence was a legal cause of the flow] [injury] [or] [damage] complained of.
4.11 Violation of a traffic regulation prescribed by [statute] [ordinance] is evidence of negligence. It is not, however, conclusive evidence of negligence. If you find that a person alleged to have been negligent violated such a traffic regulation, you may consider that fact, together with the other facts and circumstances, in determining whether such person was negligent.
Florida Standard Jury Instructions, 31 F.S.A.
We see no logical reason to differentiate between traffic and non-traffic statutes in the ordinary case. This court’s opinion in Richardson v. Fountain [1] is the only authority cited in the comment to Instruction 4.9, and that opinion, unfortunately, is better remembered for what this court said than for what it held. Therefore, before we discuss the case at hand, in which we think Instruction 4.9 was erroneously given, we must discuss Richardson v. Fountain.
Richardson presented only the question whether contributory negligence was a defense to a charge of negligence based on violation of an ordinance. Both parties took the violation to constitute negligence per se, and this court’s discussion of negligence as flowing automatically from the violation is attributable to that concession. It was completely unnecessary to the decision, and is at variance from the law expressed in other districts and the clear trend throughout the country. It was clearly correctly decided, holding that contributory negligence was a defense to negligence based on violation of an ordinance enacted for the protection of no particular class, but for thé public at large. It differentiated cases like Tampa Shipbuilding & Engineering Corp. v. Adams [2] and Tamiami Gun Shop v. Klein [3] in which the statutes involved were enacted for the purpose of forbidding dangerous practices, implying that ■. certain injuries were the foreseeable consequence of the proscribed conduct. This is a situation we have encountered in Baldridge v. Hatcher, 266 So.2d 112, and that case should be read in conjunction with this one.
In the case at bar, the railroad appeals from a.judgment in favor of de-Jesus, whose automobile collided with a parked tank car blocking a crossing at night. There were no lights, flares or fusees placed at the intersection. The defense was contributory negligence, and the railroad introduced evidence that deJesus knew the crossing well, it was marked with a reflectorized sign, which the plaintiff had seen on other occasions, that he had seen *110 trains blocking the crossing before and that the road at that point was straight and level. The jury was instructed that the railroad’s violation of Florida Statute § 357.08 [4], F.S.A. if they found a violation, was negligence. This instruction, which the trial judge understandably gave in reliance on Standard Jury Instruction 4.9, was error.
Ezra Ripley Thayer’s article in 1913[5] espouses the negligence per se rule. At that time it was quite logical to equate statutory prohibitions, which were not nearly so numerous as they are now, with the standard of conduct of the reasonable man. But in time difficulties manifested themselves in the application of the rigid standard, and a confusion arose which more modern cases tend to avoid by recognizing that not all violations of statutes and ordinances are conclusive proof of negligence. It is particularly misleading where, as here, the jury is charged that one party is negligent and left to determine the negligence of the other party by the standard of the reasonable man.
It is needless to repeat the literature on the subject, but the change in American judicial attitude regarding the effect of statutory violations on the duty of care can be traced from Thayer’s article through the two Restatements [6] and Clarence Morris’ later exposition[7], which criticizes Thayer’s view. Harper and James [8] show how the statutory purpose doctrine, which differentiates between standards enacted specifically for the protection of a class of persons needing‘help and a general legislative concern for public safety, militates in favor of the general standard we here adopt, and which is embodied in Standard Jury Instruction 4.11, although limited in its present terms to traffic regulations. Prosser’s analysis is similarly helpful.[9]
If a statute is presented to the jury as evidence of negligence, which they may consider, it may be properly evaluated. Problems have arisen inevitably where the violation is taken as negligence per se. For example, one motorist understandably made a left turn in an arc, going left of the center of the intersection, proceeding along a curve in the pavement. Though induced to cut the corner, he was required by statute to go to the right of the center of the intersection. The Wisconsin court held the violation negligence per se.[10] The difficulty with negligence per se is that it is a rigid rule, and invites further difficulty in interpreting whether in fact a violation has occurred. Allowing the jury to consider the statute or ordinance as it bears on the conduct of a reasonable man under the circumstances affords a needed means of “excusing” a violation. In the strict criminal sense there might be no “excuse,” but there would obviously be no enforcement, either, of a left turn violation where it was clearly invited by the curvature of the highway.
*111 Comment to Instruction 4.9 cites Mas-trandrea v. J. Mann, Inc.[11] as possibly contrary to the negligence per se rule. In that case, stacking of concrete blocks in a way forbidden by ordinance was said to raise “a prima facie case of negligence,” sufficient to go to the jury for their determination. The First District followed this view in Conroy v. Briley,[12] and later, in dictum, in Morrison Cafeterias Consolidated, Inc. v. Lee.[13] The Fourth District adopted an evidence-of-negligence rule in Jones v. Florida East Coast Railroad Company [14] citing an ambiguous passage in McQuillin,[15] to the effect that failure to maintain signals in violation of an ordinance “may constitute or at least evidence actionable negligence.” That embraces both rules, but the court’s ruling adopted the evidence-pf-negligence standard.
Thus we appear to be the only one of Florida’s four Courts of Appeal which supposedly adheres to the negligence per se standard. Richardson v. Fountain came here on briefs in which the parties assumed that violation of an ordinance was negligence per se. There was no reason to deal with the standard in determining whether contributory negligence was a proper defense. Consequently, this court used the language of the parties, and the compilers of the Standard Jury Instructions picked up the language. We recede from the dicta in Richardson v. Fountain and adopt the rule in this district that violation of a statute is evidence of negligence which the jury may consider.
We think several distinctions need to be made in the light of the current state of the law. In the first place, the phrase “prima facie” is likely to be misunderstood. Proof of a violation will constitute sufficient evidence — in other words, a prima facie case on the question of negligence— to warrant a jury finding. Standard Instruction 4.11 correctly states the rule as the jury should receive it.
Secondly, negligence per se must be distinguished from negligence as a matter of law.[16] There are cases in which the admitted facts admit of but a single conclusion. On sound principles of law unrelated to the present question, a trial judge may determine the question where a reasonable jury could not disagree. But this does not mean that in every case — -and certainly not in this one now before us — violation of a statutory standard constitutes negligence per se. The negligence per se rule conduces to premature resolution of negligence issues which would be left open under the evidence-o f-negligence standard or resolved by the judge as a matter of law where there can be no dispute.
Lastly, the issue of negligence must be carefully differentiated from that of causation. This seems elementary, but it is important. Whether a motorist who struck another car in backing out of a parking space had time left on the meter has nothing to do with causation. The old notion of an automobile as a “trespasser on the highway” is by now thoroughly discredited.[17]
Because this court’s dicta caused the confusion, we think it appropriate to certify to the Supreme Court as a question of great public interest[18] the following:
Is the violation of a statute or ordinance, other than those specifically adopted for *112 the purpose of establishing a stricter duty of care, negligence per se or evidence of negligence in a civil action?
We find no other error in the record. For the reasons assigned, the judgment appealed from is
Reversed and remanded.
LILES, J., concurs.
PIERCE, C. J., concurs in conclusion.

. Fla.App.2d 1963, 154 So.2d 709.

. 1938, 132 Fla. 419, 181 So. 403.

. Fla.1959, 116 So.2d 421.

. (1) Whenever a railroad train shall engage in a switching operation or stop so as to block a public highway, road or street at any time from one half hour after sunset to one half hour before sunrise, the crew of such railroad train shall cause to be placed a lighted fusee or other visual warning device in both directions from such railroad train upon or at the edge . of the pavement of the highway, road or street to warn approaching motorists of the railroad train blocking the highway, road or street; provided, this section shall not apply to railroad crossings at which there are automatic warning devices properly functioning or at which there is adequate lighting.

. Thayer, Public Wrong and Private Action, 27 Harv.L.Rev. 317 (1914).

. Cf. Restatement, Torts §§ 285-288 with Restatement (Second), Torts §§ 285-288C. Addition of 288A, B and O clarify the law somewhat, but some confusion remains.

. Morris, The Role of Criminal Statutes in Negligence Actions, 4.9 Col.L.Rev. 21 (1949).

. 2 Harper & James, Torts, § 17.6 (1956).

. Prosser, Torts, 3d ed. § 35 (1964).

. Day v. Pauly, 1925, 186 Wis. 189, 202 N.W. 363.

. Fla.App.3d 1963, 128 So.2d 146.

. Fla.App.1st 1966, 191 So.2d 601. Judge Johnson’s dissent cites a later Third District case, Florida East Coast Railway Company v. Hardee, 162 So.2d 704. But that case hinged on federal preemption in FELA cases.

. Fla.App.1st 1968, 215 So.2d 491.

. Fla.App.4th 1969, 220 So.2d 922.

. 7 McQuillin, Municipal Corporations, 3d ed. § 24.731.

. The Comments to Restatement (Second), Torts, still do not make this distinction clear. See especially § 288B and Comment.

. Koonovsky v. Quellette, 1917, 226 Mass. 474, 116 N.E. 243.

. Fla.Const. Art. V, § 4, F.S.A.