UNITED INDEPENDENT LAUNDRIES, INC., Trading and Doing Business as Independent Laundry, v. NELLIE HOLDEN, a Minor, by Her Father and Next Friend, John Holden.

193 So. 544
Opinion Filed January 16, 1940
Rehearing Denied February 15, 1940

*L. R. Milton,* for Plaintiff in Error;

*W. Gregory Smith* and *R. R. Axtell,* for Defendant in Error.

THOMAS, J.—This case was tried three times. In the first trial a verdict returned in favor of the plaintiff was set aside. In the second the defendant prevailed and the court granted a new trial from which order an appeal was taken without supersedeas. Before determination of the appeal another trial was conducted in which a verdict was rendered for the plaintiff. We will, therefore, concern ourselves only with the last judgment.

The declaration consisted of three counts, two of them alleging that plaintiff, a minor fourteen years of age, was employed as laborer to assist in operating a mangle, a machine designated to press "flat work"; that while feeding the machine her fingers were drawn into it, thereby becoming injured to the extent that it was necessary to amputate parts of four fingers. The third charged that defendant violated the duty on its part not to employ persons less than sixteen years of age without obtaining the employment certificate required by Sections 5944 to 5948 C. G. L. 1927.

The issues were formed on pleas of not guilty to the three counts and pleas to the first two counts asserting that plaintiff was sixteen years of age, was not employed to work at the mangle and worked there against defendant's express instructions.

The first question presented by plaintiff in error is the one whether it is negligence *per se* to employ a person

fourteen years of age without procuring an employment certificate *"when laundry is located in county where superintendent of public instruction has never issued an employment certificate and has never authorized any one in writing to issue employment certificates?"* We have supplied the emphasis.

The argument of plaintiff in error on this score is hardly sound. Trend of it is that because the superintendent had never issued a certificate plaintiff in error should not be held accountable for the lack of one; which of course, presupposes that none having been issued none would be. We think this phase of the controversy is disposed of by reference to our opinion in Tampa Shipbuilding & Engineering Corp., v. Adams, 132 Fla. 419, 181 South. Rep. 403.

Nothing appears in the record which indicates any effort to obtain the certificate. It cannot be denied that had the attempt been made and failure or refusal on the part of the issuing officer resulted an effective remedy was available to plaintiff in error to force consideration of its application. It is no excuse that he was not in possession of the authority because it subsequently developed that no other employer in like situation had sought and obtained such certificate.

Approaching the questions in their order, we are faced next with the contention that there was no negligence *per se* in employing the minor in non-hazardous work when at the time of her employment she was fourteen years of age, normally developed, sound in health and physically equal to the task. The evident purpose of the statute is to safeguard children, on the basis of their age, and the employer will not be permitted to pit his appraisal of a child's physique and mentality against the wisdom of the legislative branch which enacted that children under sixteen should be em-

ployed only in a certain fashion without regard to other qualifications. Likewise it would not excuse the employer if he innocently, as is urged, employed a person without complying with the Act. Again we draw attention to the case of Tampa Shipbuilding & Engineering Corp. v. Adams, *supra*, where a plea that the laborer gave his age as seventeen was held defective. If innocence or ignorance of the age of the minor were a defense the misrepresentation by the applicant could be relied upon by the employer. Having decided that an employer may not escape responsibility because the minor gave his age as greater than sixteen, we conclude now that a plea of innocence or ignorance of the age is unavailing. This disposes of the third question.

The fourth challenges the propriety of the amount awarded by the jury. Three thousand dollars was the compensation fixed for the loss of the first joints of the index and little fingers and of two joints of the middle and ring fingers, all of the right hand. This does not appear to us excessive, taking into account the handicap it will prove to a child fourteen years of age.

We have examined the record to ascertain whether the remarks of plaintiff's counsel could be construed to have unduly prejudiced the jury. The interpretation placed upon them by plaintiff in error seems to us rather strained and we cannot find in them any quality which would lead us to the conclusion that they were so prejudicial as to justify our interference with the judgment.

Affirmed.

TERRELL, C. J., BROWN, BUFORD and CHAPMAN, J. J., concur.

Justice WHITFIELD not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.