204 So.2d 24 (1967)
Robert C. JONES, Appellant,
v.
Vernon L. CREWS, Appellee.
No. 827.
District Court of Appeal of Florida. Fourth District.
November 13, 1967.
*25 J. Thomas Bowden, of Law Offices of J. Russell Hornsby, Orlando, for appellant.
Eugene L. Roberts, of Howell, Kirby, Montgomery, Sands & D'Aiuto, Rockledge, for appellee.
CROSS, Judge.
The plaintiff-appellant, Jones, appeals from a final summary judgment entered in favor of the defendant-appellee, Crews, in a suit for damages arising out of an automobile accident.
Plaintiff, defendant, and a third party departed Orlando, Florida, en route to Cocoa, the defendant driving plaintiff's truck. During the trip the trio consumed some whiskey and a few mixed drinks. To effectuate a joke the defendant drove the truck off the road and went behind a tree and then proceeded to drive the truck back onto the highway. At this time the plaintiff pulled the keys out of the ignition because he was scared by the defendant's maneuver. The defendant explained to the plaintiff that he was not drunk but was just trying to scare the third party. Plaintiff accepted defendant's explanation and returned the keys to him. Defendant continued to drive plaintiff's truck. Approximately an hour and one-half thereafter defendant collided with a truck that was stopped or stopping on the inside northbound lane.
Plaintiff filed complaint alleging the negligence of the defendant in his operation of a motor vehicle owned by the plaintiff and in which plaintiff was riding as a passenger. The defendant answered denying the alleged negligence and set forth contributory negligence and assumption of the risk as affirmative defenses.
The primary thrust of the appeal goes to the issue of whether plaintiff was guilty of contributory negligence and/or had assumed the risk as a matter of law.
The existence of a genuine issue of material fact precludes the entry of summary judgment. The moving party, for the purpose of the motion, admits both established facts favorable to his opponent and reasonable inferences to be drawn therefrom.
It has been recognized by the overwhelming majority that summary judgments must be cautiously granted in negligence cases. Booth v. Mary Carter Paint Company, Fla.App. 1966, 182 So.2d 292; Saunders v. Kaplan, Fla.App. 1958, 101 So.2d 181; Southern Express Co. v. Williamson, 1913, 66 Fla. 286, 63 So. 433. 30 Fla. Jur., Summary Judgment, § 6. Issues of negligence are ordinarily not susceptible of summary adjudication. 6 Moore, Federal Practice, § 56.17 [42], at 2583.
On the question of contributory negligence it should be noted that not every act of negligence on the part of a plaintiff will bar his recovery for injuries resulting from the negligence of another. It is only when negligent acts on the part of the plaintiff have a direct and proximate causal relation or contribute in some appreciable degree to the injury that recovery is precluded. Bessett v. Hackett, Fla. 1953, 66 So.2d 694.
*26 As to whether or not an act of negligence on the part of plaintiff can be said to have proximately contributed to his injury arising from an accident, the rule is that a negligent act on the part of the plaintiff cannot be said to be a proximate contributing cause of the injury unless the accident could have been avoided in the absence of such act of negligence. 38 Am.Jur., Negligence, § 213.
With reference to the assumption of the risk, it should be noted that voluntary exposure is the bedrock upon which the doctrine of assumed risk rests. Knowledge of the risk is an essential to the defense of assumption of the risk. When dealing with the element of knowledge of the risk, the standard to be applied is a subjective one of what the particular plaintiff in fact sees, knows, understands, and appreciates. In assumption of the risk there must be actual knowledge and appreciation, or the danger must be so open and obvious that the plaintiff is charged in law with knowledge and appreciation thereof.
The record reveals that the plaintiff took affirmative action by removing the keys from his truck when he was first confronted with defendant's unusual maneuver in driving the truck off the road. The plaintiff returned the keys to the defendant only after being assured by the defendant that he was in condition to drive. The accident occurred approximately an hour and one-half after this event. A material issue of fact arises as to whether plaintiff was contributorily negligent in allowing the defendant to continue to drive.
The record further reveals that plaintiff stated that he had not thought it would be unwise to let the defendant continue to drive, since he had observed the defendant and felt his actions were not of a dangerous nature, that he knew the defendant's tendencies for joking and felt the defendant was not drunk. The record therefore reveals a material issue of fact as to whether the plaintiff had assumed the risk.
Our conclusion is that it was error to enter the summary judgment as there was a genuine issue as to whether the plaintiff was guilty of contributory negligence and/or had assumed the risk, which issues should have been submitted to the jury for determination.
The judgment is reversed and the cause remanded for further proceedings consistent with the views herein expressed.
Reversed and remanded.
WALDEN, C.J., and McCAIN, J., concur.