220 So.2d 917 (1969)
Joseph HENRY, Individually and As Administrator of the Estate of Gary L. Henry, Deceased, a Minor, Appellant,
v.
Duncan E. BRITT, Maurice P. Beeman, Charles S. Houha, James P. Thayer and D.E. Britt Associates, Inc., a Florida Corporation, Appellees.
No. 1596.
District Court of Appeal of Florida. Fourth District.
February 26, 1969.
Rehearing Denied April 23, 1969.
*918 Joseph M. Glickstein, Jr., of Glickstein, Crenshaw, Glickstein, Hulsey & Fay, Jacksonville, and Hugh S. Glickstein, Hollywood, for appellant.
William J. Flynn, of Knight, Underwood, Peters, Hoeveler & Pickle, Miami, for appellees.
OWEN, Judge.
Eleven-year old Gary Henry was drowned in a motel swimming pool when his arm became lodged in the main drain outlet at the deep end. Gary's father brought suit against the engineers who had designed the pool, alleging negligent design. Judgment was entered on the jury verdict for defendants and the father appeals.
The defendants denied negligence and asserted as affirmative defenses contributory negligence of the decedent, contributory negligence of each of the parents, and assumption of the risk by the decedent. At the conclusion of all of the evidence plaintiff's counsel moved the court to strike the affirmative defenses as being unsupported by the evidence. This motion was denied and the jury was instructed on such defenses. We are of the view that the court erred in failing to grant plaintiff's motion to strike these defenses and in thereafter submitting such issues to the jury, and we therefore reverse.
The specific negligence charged against the defendants was the failure to provide for the main drain outlet to be covered with a grating which was not readily removable by bathers, as required by the State Sanitary Code. There was substantial, competent evidence from which the jury could have found the defendants guilty of the alleged negligence. Consequently, only the evidence bearing on the affirmative defenses, stated most favorably to the defendants, is discussed here.
When Mr. and Mrs. Henry and son Gary arrived at the motel, Gary and his mother went to the pool while the father remained in the room resting. The mother was a non-swimmer and remained on the side of the pool tossing small objects into the water for Gary to retrieve. He was alone in the pool and there was no lifeguard nor pool attendant around the pool at the time. However, Gary was an excellent swimmer, having learned to swim at the age of four. He continued playing in the pool by himself *919 while his mother sat in a poolside chair for a moment. When she realized that she no longer heard the noise of his splashing in the pool, she discovered his predicament and called the father, who immediately came to the pool and jumped in to assist his son. The motel manager was promptly summoned and he assisted the father in an attempt to rescue the boy but the combined physical effort of both men was inadequate to release Gary's arm from the suction of the pump until the manager got out of the pool and turned off the pump motor. After Gary was removed from the pool the drain cover was observed on the bottom of the pool several feet from the drain opening. The motel manager testified that he had walked by the pool earlier in the day and had not observed the grate out of position although he did not remember actually looking down into the pool. Gary's father testified that he had never instructed his son about playing around the drain opening in swimming pools.
Turning first to the question of the parents' negligence we are constrained to observe, without so holding, that the parents of a healthy 11-year old boy who is described as an excellent swimmer could hardly be said to be guilty of negligence in permitting such boy to swim in an ostensibly safe motel pool. But the facts of this tragic case make it unnecessary to render a decision on that question. It is settled law in this jurisdiction that only negligence on the part of the plaintiff having a direct and proximate causal relation, or contributing in some appreciable degree to the injury, will preclude recovery. Bessett v. Hackett, Fla. 1953, 66 So.2d 694. From the evidence in this case, it is manifestly clear that had both parents been excellent swimmers and been standing at the pool's edge watching Gary swim under water [thereby having him under their immediate care and supervision] once Gary's arm became caught by the suction of the pump motor they could not have freed him until such time as someone could turn off the pump motor. The motel manager took this action only after unsuccessfully attempting several times to pull Gary free. There was no delay in summoning him to the scene. Thus, nothing the parents did or failed to do was the proximate cause of Gary's death.
Turning next to the defense of assumption of the risk on behalf of the decedent, it must be kept in mind that voluntary exposure is the bedrock upon which the doctrine of assumed risk rests. Bartholf v. Baker, Fla. 1954, 71 So.2d 480. There must be actual knowledge of the condition which creates the peril. Dana v. Bursey, Fla.App. 1964, 169 So.2d 845, and there must be appreciation of the danger, at the time one voluntarily exposes himself to such risk. A subjective standard applies. Jones v. Crews, Fla.App. 1967, 204 So.2d 24. There was not the slightest bit of evidence that Gary had actual knowledge that the main drain of a swimming pool, when uncovered and when the pump motor was operating, created a dangerous condition, nor was there the slightest bit of evidence that with such knowledge and appreciation of the danger, Gary voluntarily exposed himself to it.
On the question of decedent's contributory negligence, there is likewise an absence of evidence to sustain such affirmative defense. It would be necessary that Gary either knew or in the exercise of ordinary care should have known that the main drain opening was hazardous and that he intentionally placed his arm in the drain opening. While there was circumstantial evidence of the latter, there was no evidence of the former.
The judgment is reversed and the cause remanded for a new trial. If, upon a new trial, the defendants are unable to establish any stronger case in support of their affirmative defenses than that shown by the record here, plaintiff will be entitled to have such defenses stricken upon proper motion.
*920 In view of the fact that this cause will be returned to the trial court for the purposes of a new trial, we also consider another matter which could likely arise again. Pursuant to statutory authorization, F.S. 1967, Section 514.02, F.S.A., the State Board of Health had adopted certain rules and regulations governing construction of swimming pools as a part of the State Sanitary Code. Portions of this code were offered into evidence and provided, inter alia, that in public pools of this type, the main drain opening "* * * must be covered with a proper grating which is not readily removable by bathers". This regulation established the minimum standard of design, the violation of which would be [at least] prima facie evidence of negligence. Conroy v. Briley, Fla. App. 1966, 191 So.2d 601.
The court gave the defendant's requested instructions 15 and 16, the substance of which stated that defendants were required to utilize only that degree of skill, diligence and care ordinarily used by engineers of ordinary skill and training in a community, and that proof that they failed to meet such standards could be established only by testimony of expert witnesses who were acquainted with such standard of care. Such instructions had the effect of exonerating the defendants from liability upon a showing by expert witnesses that defendants had exercised the same care and diligence as other engineers of ordinary skill and training in the community, irrespective of whether such design met the minimum standard set by the regulation. The effect of a violation of a statute or ordinance as constituting negligence cannot be avoided by the fact that the act complained of was done in accordance with the custom or practice of other persons engaged in the same type of work in the community. Cooke v. Commercial Bank of Miami, Fla.App. 1960, 119 So.2d 732; United Independent Laundries v. Holden, 1940, 141 Fla. 410, 193 So. 544; 65 C.J.S. Negligence § 19(8).
Reversed and remanded for a new trial.
REED, J., and KING, JAMES L., Associate Judge, concur.