PER CURIAM.
The appellant seeks review of an adverse money judgment, pursuant to a jury verdict in a negligence action arising out of an assault and battery committed by a patron of appellant’s bar.
On the evening in question, the appellee and his friend went to a tavern owned and operated by the appellant where they had three or four drinks. Also at the bar that night were John Lindsey [who attacked the appellee] and his friend, Sullivan, both of whom were also drinking. Sullivan was acquainted with the barmaid [named Su-zie] who was allegedly his girlfriend. Prior to leaving the bar, the appellee and his friend got into an argument with Suzie over the amount of their check. However, they ultimately paid the check and left. As the appellee left, Lindsey got up and allegedly told Suzie there was going to be trouble. He also allegedly told the bar’s bouncer of his intentions. The net result was that Lindsey and Sullivan followed the appellee and his friend out into the parking lot, where Lindsey attacked the appellee from the rear. As a result, appellee brought the instant suit against the appellant, alleging it was negligent in failing to protect its customers from assaults by specific patrons whose dangerous propensities and intentions were known by agents of the appellant.
The appellant contends that the trial court erred in failing to submit to the jury, under proper instructions, the issue of the appellee’s contributory negligence and the effect of the appellee’s conduct, to wit: drinking and altercation with the barmaid. We find no error and affirm.
Before the defendant would have been entitled to the charge of contributory negligence, it was necessary to first establish that the plaintiff had reason to know of the likelihood of danger from Lindsey [Bartholf v. Baker, Fla.1954, 71 So.2d 480; City of Williston v. Cribbs, Fla. 1955, 82 So.2d 150; Foulk v. Perkins, Fla.App.1966, 181 So.2d 704; Henry v. Britt, Fla.App. 1969, 220 So.2d 917] and, second, the evidence would have had to indicate that the plaintiff’s own conduct, to wit: imbibing intoxicating beverages and altercation with the barmaid, was the proximate result of the unwarranted battery on him outside the defendant’s premises. Bessett v. Hackett, Fla.1953, 66 So.2d 694; Jones v. Crews, Fla.App.1967, 204 So.2d 24; Henry v. Britt, supra.
The record is completely lacking of any evidence or reasonable inference therefrom that would indicate the plaintiff was aware of the peril awaiting him and, second, his injuries from the attack were not foreseeable because of his drinking and conversation with the barmaid. *877 Therefore, for the reasons above stated, the final judgment here under review be and the same is hereby affirmed.
Affirmed.