MAGER, Judge
(dissenting) :
I must respectfully dissent.
This is an appeal by Vance Cooper and Marie Cooper, his wife, plaintiffs below, from a final summary judgment entered in favor of Roger’s of Orlando, Inc., defendant below.
After reviewing the record I am of the opinion that an issue of material fact exists which would preclude the entry of summary judgment. Emile v. First National Bank of Miami, Fla.App.1961, 126 So.2d 305; Ham v. Heintzelman’s Ford, Inc., Fla.App.1971, 256 So.2d 264.
The operator of a public place (restaurant) owes his invitees the duty to use due care to maintain the premises in a reasonably safe condition; this includes a duty to *373 exercise reasonable care to supervise the patrons for the purpose of preventing injuries the risk of which was known to the operator or by the exercise of reasonable care should have been known to him. Warner v. Florida Jai Alai, Inc., Fla.App.1969, 221 So.2d 777; A Trysting Place, Inc. v. Kelly, Fla.App.1971, 245 So.2d 875; Sparks v. Ober, Fla.App.1966, 192 So.2d 81; Nance v. Ball, Fla.App.1961, 134 So.2d 35. See also Carter v. Parker, Fla.App.1966, 183 So.2d 3; Booth v. Mary Carter Paint Company, Fla.App.1966, 182 So.2d 292. Whether or not Roger’s had actual or constructive knowledge that one of its patrons might attack and injure plaintiff was a question which should have been submitted to the trier of fact and not resolved in a summary proceeding. See Nance v. Ball, supra, and Sparks v. Ober, supra.
The following observation made by the Second District Court of Appeal in Nance v. Ball, supra, 134 So.2d at pp. 37-38, dealing with analogous fact circumstances is, I feel, particularly pertinent:
“Some cases are clearly disposable by summary judgment. There are also marginal cases posing colorable issues which the trial court may consider so weakly supported as to indicate the futility of a full hearing on the merits. In such a case, where adherence to the rule of caution results in a denial of summary judgment, the court may feel that there has been an unjustified extension of fruitless litigation. Our own experience attests an occasional impulse to amputate at once rather than face the prospect of surgery by painful stages, but herein lies the occasional margin of error.
“The trial court may be convinced that a doubtful or marginal case would be practically unprovable, and most frequently that could be the net result. We do not apprehend, however, that the denial of summary judgment in such cases would likely result in ultimate miscarriage of justice . . . There remains also the possibility that further proceedings might bring out added factors which could change the complexion of the case.”
Accordingly, I would reverse the final summary judgment and remand the cause for further proceedings.