REED, Chief Judge.
On 27 March 1972 the plaintiffs filed in the Circuit Court for St. Lucie County, Florida, their second amended complaint. On motion by the defendant it was dismissed for failure to state a cause of action. Final judgment was entered and the plaintiffs have appealed. Of course, the issue on appeal is the propriety of the dismissal of the complaint.
The plaintiffs are a father and his minor son. Their complaint alleges that the son, Michael Sloan, was employed by the defendant on or about 27 May 1971 to move heavy cabinets and/or boxes in the defendant’s business premises. It was contemplated by the defendant and the minor that the work for which the minor was employed would be completed in less than one day. At the time of the employment, the minor was fourteen years of age and was permitted by the defendant to undertake the employment, although the defendant had not obtained a special certificate of employment as required by § 450.111(2), F.S.1971, F.S.A. The employment was not covered by the Florida Workman’s Compensation Act. During the course of the work, the minor was injured when a piece of equipment fell on his finger and severed a portion thereof. The complaint contained no allegation of any causal connection between defendant’s failure to obtain the special certificate of employment and the occurrence of the injury. The relief sought was damages.
The plaintiffs’ theory is that the defendant’s violation of § 450.111(2), F.S.1971, F.S.A., is negligence per se and as a matter of law the proximate cause of the minor’s damages. They rely on Tampa Shipbuilding & Engineering v. Adams, Fla. 1938, 132 Fla. 419, 181 So. 403 wherein the Florida Supreme Court held employment of a child in violation of § 5944, C.G.L., 1927, was negligence per se which rendered the employer absolutely liable for damages resulting from such employment. Contributory negligence was held to be no defense, and the illegal employment was deemed as a matter of law the proximate cause of the injury. In effect the Tampa Shipbuilding case imposed on an employer civil liability for personal injuries totally without regard to fault, where a child was employed in violation of the statutes there involved and an injury resulted from the employment.
The statute which the defendant in the present case allegedly violated — § 450. 111(2), F.S.1971, F.S.A. — is similar to § 5944, C.G.L., 1927, which was involved in the Tampa Shipbuilding case, supra. Sec *328 tion 450.111(2) forbids the employment of a person between twelve and sixteen years of age in any gainful employment (with certain exceptions not material here) during hours when public schools are not in session, unless a special certificate of employment has been first obtained. Section 5944, C.G.L., 1927, forbade employment of a child under sixteen in any factory, workshop, laundry, mine or mill, unless the employer first obtained an employment certificate. The procedure for obtaining the employment certificate required by each statute was essentially the same insofar as it tended toward the protection of the minor’s welfare. In United Independent Laundries v. Holden, Fla. 1940, 141 Fla. 410, 193 So. 544, the court stated that the purpose of § 5944, C.G.L., 1927, was to protect children on the basis of age. The same can be said for § 450.111(2), F.S. 1971, F.S.A.
The rationale for the result reached in the Tampa Shipbuilding case — civil liability without fault or reference to a causal relationship between the violation of law and the injury — is not elaborated in the opinion. We assume that the decision was based on the notion that the result was essential as a means of achieving the statutory objective. This basis for the decision perhaps no longer exists in view of the fact that Chapter 450, F.S.1971, F.S.A., provides ample means for investigating violations of the child labor laws (§ 450.121) and criminal sanctions (§ 450.141). Additionally, we assume that the decision may have been in part inspired by the incidence of child labor during the depression years which provided the social and economic setting for the case.
Based upon the foregoing, it is our view that the Tampa Shipbuilding case is no longer controlling precedent for the imposition of civil liability without fault for a violation of § 450.111(2), F.S.1971, F.S.A., where there is no causal relationship between such violation and the asserted injury. Since no basis for liability other than the bare statutory violation is revealed by the factual allegations of the second amended complaint, we hold that the trial court rightly dismissed the same for failure to state a cause of action.
It perhaps should be pointed out that the fact situation placed before this court by plaintiffs’ complaint is significantly different from that before the court in Baldridge v. Hatcher, Fla.App. 1972, 266 So.2d 112. In the Baldridge case, the employer was charged with employing a 14-year-old in a hazardous type of work which was unconditionally prohibited for a person under 16 by § 450.061(1), F.S.1971, F.S.A. In the present case no violation of that statute is involved. If it were, entirely different considerations would pertain.
Affirmed.
OWEN, J., concurs.
CROSS, J., dissents without opinion.