292 So.2d 15 (1974)
K.C. SLOAN, Individually and As Father, Natural Guardian and Next Friend of Michael Sloan, a Minor, Petitioner,
v.
COIT INTERNATIONAL, INC., a Texas Corporation, D/B/a Fabrific Fabric Center, Respondent.
No. 43928.
Supreme Court of Florida.
February 6, 1974.
Rehearing Denied April 19, 1974.
*16 Michael Jeffries of Neill, Griffin, Jeffries & Lloyd, Chartered, Fort Pierce, for petitioner.
Burton C. Smith, Jr. of Jones, Paine & Foster, West Palm Beach, for respondent.
CARLTON, Chief Justice:
On petition for writ of certiorari, we have for review a decision of the District Court of Appeal, Fourth District, which conflicts with a prior decision of this Court. Florida Constitution, Article V, § 3(b)(3), F.S.A.
Petitioners are a father and his minor son who sued respondent for damages suffered while the son, age 14, was working for respondent. During the course of his one-day employment, the boy was injured when a piece of equipment fell on his finger and severed a portion thereof. The respondent had failed to provide for a special certificate of employment on the boy as required by Fla. Stat. § 450.111(2) F.S.A. and petitioners urge that such violation of the statute is negligence per se without regard to a causal relationship between the statutory violation and the boy's injury. The trial court dismissed the complaint for failure to state a cause of action and the District Court affirmed. 278 So.2d 326.
Conflict exists with Tampa Shipbuilding & Engineering Corp. v. Adams, 132 Fla. 419, 181 So. 403, 893 (1938). In the Tampa Shipbuilding case, the employer had not complied with the terms and conditions of Section 4, Chapter 6488, Laws of Florida 1913, in employing a 16-year-old boy who was killed while working for the corporation. This Court found that the employer's failure to comply with the child labor laws and the youth's death stated a cause of action. As the District Court in this case determined, the statute involved in the Tampa Shipbuilding case was comparable to the statute involved in the case sub judice providing that employers of minors be required to procure an employment certificate and keep it available for state inspectors. The District Court also stated well the holding of the Tampa Shipbuilding case:
"In effect the Tampa Shipbuilding case imposed on an employer civil liability for personal injuries totally without regard to fault, where a child was employed in violation of the statutes there involved and an injury resulted from the employment."
Thus recognizing that the Tampa Shipbuilding case presented apparent contrary authority to the position it wished to take, the District Court distinguished Tampa Shipbuilding as follows:
"The statute which the defendant in the present case allegedly violated  § 450.111(2), F.S. 1971  is similar to § 5944, C.G.L., 1927, which was involved in the Tampa Shipbuilding case, supra. Section 450.111(2) forbids the employment of a person between twelve and sixteen *17 years of age in any gainful employment (with certain exceptions not material here) during hours when public schools are not in session, unless a special certificate of employment has been first obtained. Section 5944, C.G.L., 1927, forbade employment of a child under sixteen in any factory, workshop, laundry, mine or mill, unless the employer first obtained an employment certificate. The procedure for obtaining the employment certificate required by each statute was essentially the same insofar as it tended toward the protection of the minor's welfare. In United Independent Laundries v. Holden, 1940, 141 Fla. 410, 193 So. 544, the court stated that the purpose of § 5944, C.G.L., 1927, was to protect children on the basis of age. The same can be said for § 450.111(2), F.S. 1971.
"The rationale for the result reached in the Tampa Shipbuilding case  civil liability without fault or reference to a causal relationship between the violation of law and the injury  is not elaborated in the opinion. We assume that the decision was based on the notion that the result was essential as a means of achieving the statutory objective. This basis for the decision perhaps no longer exists in view of the fact that Chapter 450, F.S. 1971, provides ample means for investigating violations of the child labor laws [§ 450.121) and criminal sanctions (§ 450.141). Additionally, we assume that the decision may have been in part inspired by the incidence of child labor during the depression years which provided the social and economic setting for the case.
"Based upon the foregoing, it is our view that the Tampa Shipbuilding case is no longer controlling precedent for the imposition of civil liability without fault for a violation of § 450.111(2), F.S. 1971 where there is no causal relationship between such violation and the asserted injury. Since no basis for liability other than the bare statutory violation is revealed by the factual allegations of the second amended complaint, we hold that the trial court rightly dismissed the same for failure to state a cause of action."
The instant case was decided by the District Court prior to the issuance of our opinion in deJesus v. Seaboard Coastline Railroad Company, 281 So.2d 198 (Fla. 1973). In deJesus, we reaffirmed our earlier holdings that statutes designed to protect a particular class of persons from their inability to protect themselves establish a standard of duty akin to strict liability, and that a violation of such a statute was negligence per se. We now also reaffirm our holding in Tampa Shipbuilding that child labor laws are statutes of this type. We do not agree with the District Court that the addition of criminal sanctions distinguishes our present child labor laws from those in force at the time Tampa Shipbuilding was decided. The issue involved here is civil liability for the injury sustained by the child; it is irrelevant that the Legislature has now made it a crime to employ minors without compliance to statutory requirements.
Therefore, the decision of the District Court of Appeal, Fourth District, in this case is quashed and the cause is remanded for further proceedings not inconsistent with this opinion.
It is so ordered.
ROBERTS, ERVIN, BOYD, McCAIN and DEKLE, JJ., concur.
ADKINS, J., dissents.