975 So.2d 1266 (2008)
James HETHERLY and Jon Hetherly, Appellants,
v.
SAWGRASS TAVERN INC., Appellee.
No. 4D07-2019.
District Court of Appeal of Florida, Fourth District.
March 12, 2008.
Julie H. Littky-Rubin of Lytal Reiter Clark Fountain & Williams, LLP., West Palm Beach, and Adam M. Balkan of Balkan & Patterson, LLP., Boca Raton, for appellants.
Mark Hicks and Brett C. Powell of Hicks & Kneale, P.A., Miami, and Jack T. Frost of Green Ackerman & Frost, P.A., Boca Raton, for appellee.
FARMER, J.
Twin brothers and a co-worker went to a Tavern and had some drinks. The twins *1267 were underage. Later outside the Tavern, after the other twin had left, one of the twins got into a brief fight with the co-worker. Still later, the twins went to the co-worker's residence, where they simply opened his front door and let themselves in. They accosted the co-worker in his bedroom and all three began exchanging blows. One of the twins struck the co-worker with a beer bottle. He defended himself with a knife. Afterwards, the twins went to a hospital for treatment of injuries incurred in the fight. In time they were charged with burglary and aggravated battery, to which both pleaded guilty.
The twins have since sued the Tavern for damages, alleging liability under the Dram Shop Act.[1] In response the Tavern has pleaded the forcible felony defense.[2] The trial court agreed that plaintiffs' claim was barred by this statute. We now have the appeal.
The principal argument raised by plaintiffs in avoidance of the forcible felony defense is that their claim is founded on a "strict liability" statute, the Dram Shop Act, which they say makes the forcible felony defense unavailable. This defense, they argue, would make possible the very kind of harm against which the Dram Shop Act was designed to protect.
But we find nothing about the Dram Shop Act protecting minors who, fortified by drink, break and enter to beat someone with a beer bottle. At common law serving alcohol was not the cause of injury, only its consumption. Barnes v. B.K. Credit Service, 461 So.2d 217 (Fla. 1st DCA 1984). The purpose of the Dram Shop Act was thus not to create liability so much as to abolish the common law rule that had favored taverns serving alcohol to minors.
Then there is the text itself. The statute says the Tavern may be held liable. It does not say shall be liable in damages. Even then, liability is possible only if the Tavern willfully served alcohol to the minor. Given this text and history, one may not plausibly characterize the Dram Shop Act as a strict liability statute. It alters the common law rule favoring taverns but only for willfully serving the minor. It seems to us that a strict liability statute would impose liability any time a Tavern serves a minor with alcohol even if the Tavern were otherwise without fault of any kind.[3] The statute sounds more like an intentional tort.
On the other hand, the forcible felony defense under section 776.085(1) is both mandatory and quite unqualified. It specifies that "any [e.s.] action for damages" is barred if the injury was "sustained by a participant during the commission or attempted commission of a forcible felony." [e.s.] This immunity statute was enacted in 1987 after the Dram Shop Act had already *1268 become law in 1980. It is customary for courts to presume the Legislature knows of existing law when it enacts a new one. Notably there is no exception for Dram Shop Act claims in the 1987 immunity legislation.[4]
At the same time, we note that still another statute prohibits voluntary intoxication as a defense to any crime.[5] If being deliberately drunk is not a defense to a crime, on what basis should Judges read into section 768.125 an implied civil law avoidance of the forcible felony defense? We have been given none.
In the end, there is nothing to construe here. The textual meaning of the 1987 Act is plain: it bars any damages for injuries sustained in a forcible felony. Under this plain meaning, if claimants were engaged in a forcible felony when they suffered injuries, their claims are barred whether Tavern's conduct be purposeful, careless or faultless.
The injuries to the twins were unquestionably inflicted while they were occupied in aggravatedly battering a man in his bedroom. Nothing in the Dram Shop Act conveys any intent to protect impaired minors while they burgle a house and beat a tenant with a deadly weapon.
Affirmed.
STEVENSON and TAYLOR, JJ., concur.
NOTES
[1] § 768.125, Fla. Stat. (2007) ("a person who willfully and unlawfully sells or furnishes alcoholic beverages to a person who is not of lawful drinking age . . . may become liable for injury or damage caused by or resulting from the intoxication of such minor").
[2] § 776.085(1), Fla. Stat. (2007) ("It shall be a defense to any action for damages for personal injury . . . that such action arose from injury sustained by a participant during the commission or attempted commission of a forcible felony.").
[3] See e.g. Sloan v. Coit Int'l Inc., 292 So.2d 15, 17 (Fla. 1974) (statute provided for liability without fault or a causal relationship between the violation and the injury); Eckelbarger v. Frank, 732 So.2d 433, 436 (Fla. 2d DCA 1999) ("[T]he strict liability classification is a narrow one, and this is a `group of unusual and exceptional statutes.'"); see also West v. Caterpillar Tractor Co. Inc., 336 So.2d 80, 90 (Fla. 1976) ("Strict liability means negligence as a matter of law or negligence per se, the effect of which is to remove the burden from the user of proving specific acts of negligence.").
[4] The unqualified immunity of the forcible felony defense contrasts with the comparative alcohol defense created by section 768.36(2), Florida Statutes (2007). This latter defense applies only when the claimant is found to have caused more than 50% of his own injuries and bars any recovery for those caused by the defendant. Section 768.36 is not an issue in this appeal.
[5] See § 775.051, Fla. Stat. (2007) ("Voluntary intoxication resulting from the consumption . . . of alcohol . . . is not a defense to any offense proscribed by law. Evidence of a defendant's voluntary intoxication is not admissible to show that the defendant lacked the specific intent to commit an offense. . . . ").